[Civ. No. 5048. First Appellate District, Division Two.—January 20, 1925.]

## STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and THOMAS S. BLACK et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — CONSTRUCTION OF INSURANCE POLICY—EXCEPTED RISKS.—Where a workmen's compensation insurance policy issued in favor of a typographical union expressly provides, by appropriate indorsement thereon, that "If the insured be an association, any work or duties performed by any person having the title of Vice-President or a combination of any such titles with or without other titles," such risks are not covered, the typographical union is not insured against liability for compensation for injury suffered by its vice-president, who met with an accident while serving upon a committee appointed to gather information regarding the cost of living.

[2] ID.—CONTRACT OF INSURANCE—EXCLUSION OF CERTAIN OFFICERS—JUDICIAL CONSTRUCTION.—When the insured has chosen to make and pay for a contract of insurance expressly "covering" injury to two of its officers, and excluding a third, regardless of what work he may be engaged in doing, there is no rule of law by which the appellate court may save it from the legal consequences of the same.

---

(1) 36 C. J., p. 1080, n. 34.   (2) 13 C. J., p. 520, n. 5, p. 525, n. 37; 32 C. J., p. 1148, n. 40, 43; 36 C. J., p. 1080, n. 34.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Frank J. Creede and John J. Taheny for Petitioner.

Warren H. Pillsbury and Heidelberg & Murasky for Respondents.

LANGDON, P. J.—This matter comes before us upon a writ to review the award of the Industrial Accident Commission requiring petitioner to pay compensation to respondent Thomas S. Black.

No dispute arises over the right of Black to receive compensation for injuries suffered by him; the controversy is narrowed down to a question of whether the respondent San Francisco Typographical Union No. 21, the employer, should be held liable, or whether it was insured against such liability by the petitioner, as insurance carrier.

[1] There is no conflict in the evidence about the facts. Thomas S. Black was the vice-president of the San Francisco Typographical Union. As such officer he had few active duties to perform. The policy of insurance upon which the award of the Industrial Accident Commission is predicated contains a statement of "Risks not Covered," including among such risks the following: "If the insured be a corporation, any work or duties performed by any person having the title of (see indorsement attached) or a combination of any such titles with or without other titles." The "indorsement attached," which elucidates the foregoing, is as follows: "Anything in this policy to the contrary notwithstanding, it is understood and agreed that lines 20 and 21 (the lines above quoted) of the Policy are changed to read: 'If the insured be an association, any work or duties performed by any person having the title of Vice-president or a combination of any such titles with or without other titles.' "

The construction of these clauses of the policy is the only matter before us. Thomas S. Black, the vice-president, was appointed to serve upon a committee to gather information regarding the cost of living. While so serving, he was injured when attempting to board a street-car. Was his injury one of the excepted risks? We think the plain language of the policy excludes it. *Any work or duties* performed by *any person having the title of vice-president, even though at the time he may hold such title in combina-*

*tion with another title* (such as member of an active committee), is expressly and plainly excluded.

[2]  It is not for the courts to change the contract of the parties.  This contract is unambiguous and leaves no room for judicial construction.  The insured purchased only the protection afforded by the terms of this policy.  It might have paid a larger premium and ''covered'' its vice-president, as well as its president and secretary, who were expressly ''covered.''  When insured has chosen to make and pay for a contract expressly ''covering'' injury to two of its officers, and excluding a third, regardless of what work he may be engaged in doing, there is no rule of law by which this court may save it from the legal consequences of the same.

The award of the Industrial Accident Commission is annulled.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 17, 1925, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1925.

All the Justices concurred.