[S. F. No. 13187. In Bank.—September 17, 1929.]

ZURICH GENERAL ACCIDENT & LIABILITY IN-SURANCE COMPANY, LIMITED, Petitioner, v. PETE STADELMAN et al., Respondents.

J. Hampton Hoge for Petitioner.

Bronson, Bronson & Slaven, *Amici Curiae.*

G. C. Faulkner for Respondents.

Orrick, Palmer & Dahlquist, *Amici Curiae.*

WASTE, C. J.—The petitioner in this matter is the insurance carrier under a policy of workmen's compensation insurance issued to Peter C. Stadelman, one of the respondents. The policy contained the following provision:

"(d) It is agreed upon the delivery and acceptance of this Policy, that if the Employer is an individual and has a family (meaning husband, wife, son, daughter, brother, sister or parent residing within this Employer's household), this Policy shall not apply to any member or members of such family except those named in the Declarations with disclosures of the annual amounts of wages, salaries, emoluments, or profits of each, but not less than $2,700.00 for each. The amounts so stated shall be considered the remuneration of such members of the family subject. to audit as respects any increase thereof as in the Policy provided. The proper premium rate for the hazard to which such member of the family is exposed shall apply to this remuneration."

Pete Stadelman, also one of the respondents, a son of Peter C. Stadelman, was employed by his father, and was injured during the life of the policy, and in the course of his employment. On application for compensation due proceedings were had before the respondent Industrial Accident Commission, during which evidence was introduced, establishing, and the commission found, that Pete Stadelman was a member of the assured's family and was residing within the employer's household at the time of the injury. The evidence also showed that Pete Stadelman was not named in any declaration incorporated in the policy of insurance, with a disclosure of his annual wages. Over the objection of the insurance carrier that, by reason of the findings and the terms of the policy, any claim of Pete Stadelman for compensation was excluded, the commission made an award to Pete on the basis of a permanent disability rating. It held the insurance carrier liable, and dismissed the assured from the proceeding. Petitioner renews here the contention urged before the commission that, on the facts found, Pete Stadelman, as a son and member

of the household of the employer, was excluded from any claim to benefits accruing under the policy.

The position of the respondents, in support of the award, is that the insurance carrier attempted in this case to issue a policy containing a limitation as to the compensation payable—in other words, a "limited policy"—but that failure by the insurer to observe the requirement contained in section 31a of the Workmen's Compensation Act (Stats. 1917, p. 831) rendered the policy unlimited, and that any and all employees of Peter C. Stadelman were covered by it. Section 31a, prior to its amendment during the 1929 session of the legislature, provided:

"If any insurance policy shall be issued covering liability for compensation, which policy shall contain any limitation as to the compensation payable, such limitation shall be printed in the body of such policy in bold-face type and in addition thereto the words 'limited compensation policy' shall be printed on the top of the policy in bold-face type not less than eighteen point in size. Failure to observe the foregoing requirement shall render such policy unlimited."

There are policies in use in this state which are called "deductible average" policies, whereby the assured agrees to pay up to a certain amount and the insurer the balance. "Ex-medical" policies are also issued, which exclude payment for all medical attention. Such policies, by common usage and acceptance, have been regarded as "limited compensation policies," and have been required to conform to the provisions of section 31a, *supra*. The policy here in question does not fall within the classes of policies just referred to. The form of indorsement and disclosure of wages included in the terms of the policy issued by petitioner here is one approved by the insurance commissioner of the state, and by him required to be part of every policy covering workmen's compensation written for an individual, it being the plain intent of such requirement to exclude members of the assured's family (as defined in the indorsement) unless specifically named in the policy declaration. When they are included, the rate of premium paid in, we understand, is determined, in part at least, by the disclosure made by the insured. Authority for the action of the insurance commissioner is found in section 602b et seq.

of the Political Code relating to the classification of risks and premium rates to be filed by insurance carriers licensed to transact workmen's compensation business in this state.

Petitioner argues that the instant policy does not limit the compensation payable to anyone rightfully claiming under it, but merely involves an exclusion of certain persons from the field of coverage, for the reason that their employment and the amount of wages paid were not disclosed as required by the terms of the insurance contract. We are of the view that the construction of the petitioner is the correct one to place upon the policy. We do not find that such interpretation has ever before been questioned by those in charge of the administration of the Workmen's Compensation Act. It appears to have been a common practice to approve the issuance of policies providing for the exclusion of designated prohibited risks. The present claim of the respondent Industrial Accident Commission is directly in conflict with its own contention in other cases, with some of which this court is very familiar. In 1923 several claims for compensation, arising out of injuries suffered by employees of the Williams Bros. Aircraft Corporation, which had furnished two airplanes with pilots to the Famous Players Lasky Corporation, were submitted to the Industrial Accident Commission for adjustment. The policy of compensation insurance issued to the Aircraft Corporation excluded liability for aviation risks, except for a named pilot. Compensation was claimed by an employee who was injured in the course of his employment but who was not named in the declaration, and it was contended by the injured person there, as here, that such a policy was "limited" in the sense used in section 31a of the Workmen's Compensation Act, *supra*, and that since the policy did not have printed in proper type the words "limited compensation policy" it became unlimited, and all employees of the insured were covered, rendering the insurer liable for the injury to the particular applicant. The commission held that the limitations referred to in section 31a applied to the extent of liability, and that the policy in question, as it merely limited liability to certain classes of work being performed and to certain specific cases of aviation, did not limit the liability as to the classes of employees covered, was not a "limited" policy

within the meaning of the section, and that the liability of the insurance carrier did not extend to the injury occurring to the applicant then before it. It therefore discharged the insurance carrier from liability. (*Pugh* v. *Famous Players Lasky Corp. et al.*, 10 Dec. of Ind. Acc. Com. 224.) The employer filed a petition in the Supreme Court for a review upon the ground that its insurance carrier had been unlawfully exempted from liability, for the reason that the policy in question was a limited compensation policy, and was rendered unlimited through the failure of the insurance company to comply with section 31a, *supra*. The commission resisted the application, and the writ was refused. We see no material difference in the application of the two cases. The decision and rulings in the Pugh case seem exactly applicable here. (See, also, *Worswick Street etc. Co.* v. *Industrial Acc. Com.*, 181 Cal. 550 [185 Pac. 953], and *State etc. Fund* v. *Industrial Acc. Com.*, 70 Cal. App. 650 [234 Pac. 116].)

We do not deem it necessary to discuss the various general and special contentions made by the respondents. We have examined all of them, and we have read the authorities cited. Section 31a was first enacted in 1913 (Stats. 1913, p. 279). It was re-enacted, verbatim, in 1917. Not until this year, and after the present case and others of like import arose in this court, was it sought to amend the section. We will refer to the amendment presently. To adopt any other interpretation of the clause at this time than that now contended for by petitioner would result in confusion in the matter of rates and classifications in policies already written and in other matters closely related to existing workmen's compensation insurance in this state. This view was, at one time if it is not now, held by the respondent commission which, a long time ago, advanced it to the industrial world and to the insurance carriers. In its brief, filed in this court in opposition to the application for review made by the employer in the Pugh case, *supra*, it said, in support of its construction of the policy there in question (that which we are now adopting), "the practice of the insurance world is in accordance with this distinction and any change in construction would necessitate drastic revision of all workmen's compensation

policies in force in this state." Happily, no change in construction is required.

The legislature, at its last session, amended section 31a of the Workmen's Compensation Act to definitely provide that "Policies of compensation insurance may be issued insuring either the whole or any part of the liability of any employer for compensation and any such policy may restrict or limit such insurance in respect to locations, employees, operations or risks, or restrict or limit the amount or kind of compensation to be furnished or paid or limit or restrict such insurance in any other manner whatsoever." (Stats. 1929, chap. 679.) Such policies must be approved by the insurance commissioner as to substance and form, and failure to observe the requirements of the section renders any policy, not complying therewith, unlimited. The practice now so clearly permitted under the section as amended appears to be in complete accord with what seems to have been the practice and understanding approved and followed under the old section. The new section lists the kind of policies which have been issued in the past in accord with the generally accepted theory of section 31a, and removes all doubt as to the issuance of such policies in the future.

The claimant in this case, having been by the express terms of the policy and the failure of the insured to disclose his employment and wages, excluded from all benefits arising under the policy, the award is annulled.

Richards, J., Seawell, J., Shenk, J., Langdon, J., Curtis, J., and Preston, J., concurred.