[S. F. No. 13235. In Bank.—September 17, 1929.]

OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, CUDDEBACK CINNABAR COMPANY and/or AMERICAN MERCURY. CORPORATION and/or S. G. CUDDEBACK and WILLIAM JONES, Respondents.

R. P. Wisecarver and Redman, Alexander & Bacon for Petitioner.

Daniel W. Burbank, C. F. Laumeister and Orrick, Palmer & Dahlquist, *Amici Curiae* in Support of Petitioner.

G. C. Faulkner for Respondents.

WASTE, C. J.—Proceeding in review to annul an award made by the respondent Industrial Accident Commission for injuries received by an employee of the American Mercury Corporation, who was injured during the course of his employment. The legal question to be decided is so far identical with that considered and to-day decided by this court in *Zurich etc. Ins. Co. v. Stadelman, ante,* p. 151

[280 Pac. 687], as to be governed by what was said in that case, and the decision must be the same.

The American Mercury Corporation applied for, and there was issued to it by the petitioner here, a standard workmen's compensation policy covering the corporation's workmen's compensation liability at its Oceanic Mine near Columbia in San Luis Obispo County in this state. While the policy was in force William Jones, an employee of the assured, was injured during the course of his employment at a mine claimed to be operated by the assured at Keene, in Kern County. Upon his application for compensation, an award was made in his favor and against the insurance carrier, which is here sought to be annulled. It is the contention of the petitioner that the Industrial Accident Commission exceeded its jurisdiction in making the award, for the reason that the policy of insurance issued by it did not cover the operations, if any there were, of the assured in Kern County.

The two stipulations in the policy material to this discussion are:

"Item 3. Location of all factories, shops, yards, buildings, premises or other work places of this employer by town or city with street and number: Oceanic Mine, 3 miles from Columbia, San Luis Obispo County, California.

"Item 5. This employer is conducting no other business operations at this or any other location not herein disclosed —except as herein stated: There may be but not covered hereunder."

It seems very apparent that it was the intention of the insurer and assured in this case to exclude from the field of coverage of the policy any operations, if such there were, carried on by the assured at any point other than at its Oceanic Mine. This case differs from the Zurich case, *supra*, only in that the employee concerned in that case belonged to classes of employees excepted by the provisions of the policy, while in this case the injury was incurred at operations not covered by the policy, but directly excluded. The contention that the policy here became an unlimited policy through failure of the insurer to print on it "Limited Compensation Policy," and to print the exclusion provision in bold-face type, all as required by section 31a of the Workmen's Compensation Act (Stats. 1917, p. 831), is no more

tenable than it was in the case, *supra,* just decided. The directly contrary interpretation of the section has been accepted by the courts, by the respondent Industrial Accident Commission itself and by the insurance world in this state ever since the section was first enacted. The State Compensation Fund, an activity of the state, created by it the better to carry out the beneficent objects of the Workmen's Compensation Act, has marked as "limited" policies, to conform with section 31a, only those policies containing limitations on amounts of compensation payable, as, for instance, when the employer assumes medical expenses, or all over or under a designated sum. Contemporaneous and long-continued construction of section 31a has definitely and conclusively established and declared the intent of the legislature in enacting it, and what clearly appears to be its meaning. Such interpretation seems to be eminently fair and just, and we have no hesitancy in accepting and acting on it.

The award in this case is annulled.

Richards, J., Seawell, J., Shenk, J., Langdon, J., Curtis, J., and Preston, J., concurred.