[S. F. No. 13213. In Bank.—April 24, 1930.]

MARYLAND CASUALTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and TONY MAZZINA et al., Respondents.

W. G. McKeen and R. P. Wisecarver for Petitioner.

Daniel W. Burbank, F. F. Laumeister and Orrick, Palmer & Dahlquist, *Amici Curiae* on behalf of Petitioner.

Edward O. Allen and G. C. Faulkner for Respondents.

THE COURT.—Respondent Tony Mazzina, a youth of twelve years of age, was employed in a butcher-shop by his corespondent Alfred Michelotti at his place of business located at Los Banos, California. In the course of his employment he sustained the loss of portions of three fingers of the left hand while operating a meat cutter. No question is or could be made as to the liability of the employer. At the time of the injury petitioner was the insurance carrier of respondent Michelotti. The Industrial Accident Commission made an award in favor of the employee.

By a decision of this court the award of the Industrial Accident Commission was annulled. The petition for a rehearing having been granted, the cause is again before us for decision. ■■ Respondents, in their petition for a rehearing, complained that the question which said respondent Industrial Accident Commission sought to reopen for further consideration was whether the policy of insurance, considered as a whole, actually did, in effect, exclude employees illegally employed by the insured, Alfred Michelotti.

The policy of insurance by which the rights of the respective parties thereto are to be measured, in part, provides:

"VII. Employees Covered [in bold-face type]. This policy shall cover such injuries including death resulting

therefrom, sustained by any employee or employees *legally* employed by this employer. . . . '' (Italics ours.)

It is admitted that the injured employee was illegally employed by reason of his youth. Obviously the above paragraph excludes any liability on the part of the carrier unless other clauses of the policy include such employment.

The clauses upon which respondents rely are as follows:

''Compensation I. [The Company agrees.] To pay to the person and in the manner provided therein, any sum due or to become due from this Employer because of any such injuries, including death resulting therefrom, under certain statutes cited and described in endorsements attached to this Policy, each of which Statutes is herein referred to as the Workmen's Compensation Law. It is agreed that all of the provisions of each Workmen's Compensation Law cited and described in endorsements attached to this Policy shall be and remain a part of this contract, as fully and completely as though written herein, so far as they apply to compensation while this Policy shall remain in force. . . . ''

Attached to the policy is an indorsement headed ''California Compensation Endorsement,'' dated March 4, 1927, providing in part:

''It is hereby understood and agreed, that the California Workmen's Compensation Law and all additions thereto and amendments thereof, is a Workmen's Compensation Law within the meaning of Insurance Clause One of the Policy to which this Endorsement is attached.''

Section 8a of the Workmen's Compensation Act provides:

''The term 'employee' as used in sections six to thirty-one, inclusive, of this act shall be construed to mean: Every person in the service of an employer as defined by section seven hereof under any . . . contract of hire . . . including minors, whether lawfully or unlawfully employed . . . ''

Respondents contend that in reading these various clauses together an ambiguity is created which under rules of construction must be determined in favor of the insured and against the carrier. In a former decision of this court some of the issues here presented were determined adversely to respondent. In *Maryland Casualty Co.* v. *Industrial Acc. Com.*, 179 Cal. 716 [178 Pac. 858], the same type of policy was involved, containing a clause identical with the one here involved, excluding those illegally employed. This

court held that such a clause released the carrier from liability. Subsequent to that case section 8a of the act was amended defining employee as one "lawfully or unlawfully employed." ■ Respondents contend that since 1917 those unlawfully employed are now covered on the theory that where there is ambiguity between a rider and a proviso in the policy the rider prevails. (*Royal Ins. Co.* v. *Caledonian Ins. Co.*, 182 Cal. 219, 223 [187 Pac. 748].) But that rule only applies where an ambiguity in fact exists. Where there is no ambiguity a contract of insurance, like any other contract, is construed according to the intention of the parties. (*Rankin* v. *Amazon Ins. Co.*, 89 Cal. 203 [23 Am. St. Rep. 460, 26 Pac. 872]; *Finkbohner* v. *Glens Falls Ins. Co.*, 6 Cal. App. 379 [92 Pac. 318].) As stated in 14 Cal. Jur. 446:

"The rule that a policy should be construed in favor of the insured applies only to resolve an uncertainty or ambiguity in his favor; it may not be invoked to change the nature of the contract, or to nullify an express and unequivocal agreement. Where the terms are plain and explicit and the meaning clear, courts indulge in no forced construction in order to cast a liability upon the insurer which it has not assumed."

Obviously, the only purpose of the clause in the rider above set forth was to insert the name of the California act to supplement the printed portion of the policy. This is made clear by the provisions of paragraph I of the policy, *supra*. This interpretation becomes increasingly clear because at the end of the so-called "rider" is this clause: "Subject to the terms, limits and conditions of the Policy."

Thus the policy is intended to cover all employees of the insured except those specifically excluded in the policy, to wit, those illegally employed. We can find no ambiguity in the policy.

The conclusion above reached is in conformity with and necessarily follows from two other decisions of this court recently rendered—*Zurich General Accident etc. Co.* v. *Stadelman*, 208 Cal. 151 [280 Pac. 687], and *Ocean Accident & Guarantee Corporation, Ltd.,* v. *Industrial Acc. Com.*, 208 Cal. 157 [280 Pac. 690], in both of which, by implication, the above result was reached. In those cases both employees were legally employed, but within an excluded group, and

this court held that the carrier was released. To hold otherwise in this case, as petitioner suggests, would be to put those unlawfully employed in a better position than those lawfully employed. If those lawfully employed may be excluded, certainly there is no reason why those unlawfully employed may not also be excluded.

The above interpretation is further strengthened by the familiar rule of construction that when general and particular provisions of a contract deal with the same subject matter, the specific provisions are of controlling force. (Civ. Code, sec. 3534; 6 Cal. Jur. 282, and cases there cited.)

We are further of the opinion that the view which we take of the matter is in accord with the spirit which prompted the amendment of section 31a by the legislature of 1929.

The award is annulled.