[Civ. No. 7850. First Appellate District, Division One.—December 17, 1931.]

SAM ZIMMERMAN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and STATE COMPENSATION INSURANCE FUND, Respondents.

Alfred F. Breslauer for Petitioners.

Edward O. Allen, A. I. Townsend, Everett A. Corten and Henry G. Sanford for Respondents.

KNIGHT, J.—This is a proceeding in *certiorari* to review a decision of the Industrial Accident Commission absolving the State Compensation Insurance Fund as insurance carrier from all liability for the payment of an award made by the Commission to an injured employee, and holding the employers alone responsible therefor.

The facts are as follows: Zimmerman, one of the petitioners herein, was engaged in the business of painting, decorating and paper hanging. He conducted the business under the fictitious name "Royal Paint and Wall Paper Company", and was insured by the State Compensation Insurance Fund against all liability arising under the Workmen's Compensation Act (Stats. 1917, p. 831), by a policy issued to him on March 4, 1930, naming "Sam Zimmerman (an individual) doing business as Royal Paint and Wall Paper Company" as the insured. About September 1, 1930, he took in Stern as a partner and they continued to operate the business under the same name and with some of the same employees. The insurance carrier was not notified of Stern's association in the business. About ten days later and on September 10, 1930, one of their painters,

named Andronoff, who had been in the employ of Zimmerman up to the time the partnership was formed, fell from a building and was severely injured. He applied for and was awarded compensation, but as stated, the Commission absolved the State Compensation Insurance Fund from all liability for the payment thereof, holding that under the foregoing facts the employers were uninsured.

We are of the opinion that so far as Stern is concerned the Commission's decision should be sustained, because, as will be noted, the policy designated Sam Zimmerman, an individual, as the insured; and under no possible theory, therefore, can the fact that Stern afterwards entered into a partnership with Zimmerman operate as a matter of law to extend the terms of the insurance contract to cover Stern, individually or otherwise.

But as to Zimmerman the situation is entirely different, and in view of the law as declared in the recent case of *First Nat. Trust & Sav. Bank* v. *Industrial Acc. Com.*, 213 Cal. 322 [78 A. L. R. 1324, 2 Pac. (2d) 347], it is evident that the Commission's conclusion that Zimmerman's act in taking in a partner avoided the policy as to him, cannot be sustained. In that case a policy was issued to two individuals, naming them, doing business as partners, and subsequently one transferred his interest to the other, who continued to operate the business under the same name; and it was held that as to the remaining partner the transfer of such interest did not avoid the policy; that he continued as the employer named therein. The same principle applies here. Zimmerman was insured as an individual while doing business under a certain trade name against liability for industrial accidents to employees, and after taking in a partner continued in the operation of the business under the same trade name; therefore, under the doctrine of the case above mentioned, although he transferred an interest in the business to Stern, he continued as an employer in the operation of the business under the same trade name, and consequently to the extent that he may be required to respond in the matter of the payment of said award, is entitled to the full protection afforded by his policy.

At the time the present proceeding was argued orally before this court the case above cited was under submission before the Supreme Court, after judgment in the District

Court of Appeal (the judgment of the latter court having been rendered shortly after the Commission made its findings in the present proceeding) ; and at that time counsel for the Commission frankly conceded that in principle that case was basically the same as the present one, and that the decision of the District Court of Appeal therein was adverse to the views adhered to and applied by the Commission in deciding the present proceeding. Since then the Supreme Court not only confirmed the conclusions reached by the District Court of Appeal, but adopted as its own the opinion rendered therein.

Counsel for the insurance carrier seeks to differentiate the two cases upon various grounds. But the argument made in that behalf is based mainly upon the assumption that in that case "a partnership was originally insured"; and such was not the fact, for as expressly stated in the court's opinion " . . . in naming the employer, this policy has insured two individuals, Charles Hascall and S. W. Powell, while they are doing business as Hascall & Powell. In other words, they are each insured while doing business under that firm name".

For the reasons stated, that portion of the Commission's decision absolving the insurance carrier from liability so far as Zimmerman is concerned is annulled, and the application of Andronoff is remanded to the Commission for further proceedings in accord with the views herein expressed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1932.