[Civ. No. 5048. Third Appellate District.—January 2, 1934.]

PACIFIC INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, CHARLES THUR et al., Respondents.

Bronson, Bronson & Slaven for Petitioner.

Everett A. Corten for Respondents.

PULLEN, P. J.—On May 27, 1932, Pacific Indemnity Company, petitioner herein, issued a standard policy of Workmen's Compensation Insurance to Florence Blanche Lounsbury, administratrix employer. At that time the insured was the duly appointed, qualified and acting administratrix of the estate of her deceased husband, and as such was operating a garage business in the city of Merced.

On March 10, 1933, the estate of C. E. Lounsbury, deceased, was finally distributed by order of court, and among other properties, the garage business and all fixtures and appurtenances were distributed to Earl R. Lounsbury, who immediately assumed personal charge thereof, and thereafter had full control of the operation of the business, with authority to employ and discharge all employees, and to fix their compensation and terms and conditions of employment. On April 5, 1933, a release was signed by Earl R. Lounsbury, acknowledging the receipt of all properties coming to him from the estate of C. E. Lounsbury, and releasing Florence Blanche Lounsbury of all liability in connection with the administration of the estate of C. E. Lounsbury, deceased.

Thereafter, on April 12, 1933, Charles Thur, an employee in the garage, was injured in the course of his employment. No notice of change of ownership or of the final distribution had been given to the insurance company, and upon the coming in of the proof of injury the company furnished medical treatment to the injured employee. Shortly thereafter it was noted in the report of the accident that the injured employee was in the service of Earl R. Lounsbury and not employed by Florence Blanche Lounsbury. Thereupon the company denied liability, and an application was filed with respondent Industrial Accident Commission to establish a lien for the medical treatment

furnished and to obtain an adjudication that the policy in question did not cover the insured employee. After a hearing thereon, respondent commission held that the injured workman was an employee of Earl R. Lounsbury and that Pacific Indemnity Company was the insurance carrier for said employer Earl R. Lounsbury, and the employee was entitled to compensation and medical treatment. Upon the grounds that the evidence did not justify the finding and award a writ to review the holding of the commission was obtained and is now before us for consideration.

Petitioner points out the policy in question was issued to Florence Blanche Lounsbury covering the operation by her as the administratrix of the estate of her deceased husband, of a certain garage business for a period of one year.

Item 1 of the declaration of the policy reads as follows:

"Item 1. Name of Employer—FLORENCE BLANCHE LOUNSBURY, ADMINISTRATRIX

"P. O. ADDRESS—631 M STREET, MERCED, CALIFORNIA

"For the purpose of serving notice, as in the policy provided, this Employer agrees that this address may be considered as both the residence and business address of this Employer or any representative upon whom notice may be served. Individual, Co-partnership, Corporation or Estate—ESTATE."

By an indorsement executed and attached to the policy on the day of its execution, paragraph I of the conditions of the policy read:

"The interest of the employer in this policy cannot be assigned to any other person or organization."

No indorsement was obtained from the insurance company transferring any rights under the policy to the successor, nor any agreement of any kind on the part of the company to insure any other than Florence Blanche . Lounsbury. In fact no such transfer nor agreement could have been issued under the policy.

In *First National Trust & Savings Bank* v. *Industrial Acc. Com.*, 213 Cal. 322 [2 Pac. (2d) 347, 348, 78 A. L. R. 1324], the court, in referring to the liability assumed by one acting in a representative capacity for an estate said: "While acting as executor of the will of a deceased, if it (the bank) undertook to carry on any business on behalf

of the estate of said decedent, it became personally liable to all persons employed by it in such business, not only for their wages *but, in our opinion, for compensation in case any of such employees sustained a compensative injury while in its employ."* (Italics added.)

It will thus be seen that the policy, being executed solely for the personal benefit of Florence Blanche Lounsbury, was to be effective only as long as she personally remained in the category of an employer in connection with the operation of the garage belonging to the estate of her deceased husband.

The mere fact that the word "administratrix" was written after the name of Florence Blanche Lounsbury did not, in any way, affect the liability assumed by her as enunciated in the rule quoted above, this word being merely *descriptio personae* and only indicating the connection of the named insured with the business covered by the policy.

The Industrial Accident Commission has held in *Disberg* v. *Karrer* and *Western Indemnity Co.*, 5 I. A. C. 30, that a policy covering a business conducted by a known individual does not cover another individual who takes over the business without an indorsement of the policy, as required by its terms. To the same effect was *State Compensation Insurance Fund* v. *Bredemann*, 11 I. A. C. 30.

Respondent Industrial Accident Commission seems to have misconceived the rule expressed in *Capital Glenn Min. Co.* v. *Industrial Acc. Com.*, 124 Cal. App. 79 [12 Pac. (2d) 122]. There, prior to the accident the employer had been a partnership engaged in the operation of a mine under the name of Glenn Mine and carried their compensation insurance under such name; while so insured, the organization was transformed to a corporation under the name of Capital Glenn Mining Company, and at least two premium payments were made with checks bearing such name, and upon the expiration of the original policy, without application having been made therefor, respondent insurance carrier issued its new policy in the name of the Glenn Mines. Shortly after the incorporation the company wrote their insurance carrier regarding the status of their employees and the insurance company replied, addressing its reply to Capital Glenn Mining Company. These checks and correspondence furnish undisputed evidence sufficient

to charge the insurance carrier with knowledge of the change of name of the company. Upon the happening of the accident for which compensation was claimed the company denied liability, but the court held that the company was estopped to repudiate its liability; there being no evidence of fraud or misrepresentation on the part of petitioner, the court saying: "It is inconceivable that the law will become a party to the injustice of permitting an insurance company possessed of actual knowledge of the real name of an assured, to issue a policy without written application, without inquiry regarding the identity of the proposed assured, and without fraud or misrepresentation on the part of the assured; permit it to collect and retain premiums in payment thereof, and then repudiate its liability because of error in the name or identity of the assured which is primarily the result of the negligence or mistake of the insurance company."

It is claimed by respondent that the decree of distribution of March 10, 1933, made no change in the status of the parties, as the title to real property of an heir vests immediately upon the death of the ancestor, but we are here concerned not with the relation of an heir to the title to the property of an estate, but rather with the status of one who has succeeded to a business as the employer by a decree of distribution, and whether the successor is an heir or a stranger to the estate is not material under the terms of the insurance contract.

The contract of indemnity having been made with Florence Blanche Lounsbury and having provided that she alone would be covered by its provisions, the court cannot extend the scope of the contract nor impose its terms upon a stranger to its execution. (*Zimmerman* v. *Industrial Acc. Com.*, 119 Cal. App. 253 [6 Pac. (2d) 291].)

Were conditions reversed and an action brought against Florence Blanche Lounsbury, the decree of distribution and change in ownership would be a complete answer to any attempt to hold her for any injuries to an employee occurring after the distribution. We realize the insurance company would upon application, probably quickly and without question have issued a policy to the successor of the administratrix, but we are without authority to make a contract for the parties where they have not done so themselves.

The award of the commission must be annulled, and it is so ordered.

Plummer, J., and Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 1, 1934.