LANGDON, J.
This is a petition to review an award of the Industrial Accident Commission. The facts are simple and undisputed.
On March 11, 1935, W. B. Mellott, a building contractor, obtained a policy of workmen’s compensation insurance from Hartford Accident and Indemnity Company, for the period of one year. The insured was designated therein as “W. B. Mellott, . . . Individual”. Thereafter Mellott became associated with Irwin G. Gordon, another contractor, and they conducted the building contract business as “W. B. Mellott and Irwin G. Gordon, doing business as Gordon and Mellott ’ ’. The policy remained unchanged. The record does not disclose whether the insurance company had knowledge of the association.
On March 5, 1936, while the policy was in force, George Reed, an employee, sustained a compensable injury, and filed his application with the commission. The commission first decided that the insurance company was liable, but on rehearing reversed itself and gave its award against the employers alone. The employee and employers petitioned, seeking to hold the insurance company liable. In its answer, the commission admits error in the decision, but the respondent insurance company maintains that the same was correct. The position of said respondent is, in brief, that the policy insured W. B. Mellott, an individual, and not the partnership of Gordon and Mellott; that Reed was employed by the firm of Gordon and Mellott, and not by W. B. Mellott; and that consequently, the policy did not cover the injury, because Reed’s employer, the partnership, was not insured. This position is unsound on principle and contrary to prior decisions in this state.
The underlying fallacy in respondent’s argument is the assumption that the partnership is a distinct unit, separate from the members thereof. Occasional suggestions of this “entity” theory of partnership are found in statutes or decisions, but apart from exceptional situations, a partnership is not considered an entity, but an association of indu *193 victuals. (See First Nat. T. & S. Bank v. Industrial Acc. Com., 213 Cal. 322, 331 [2 Pae. (2d) 347, 78 A. L. R. 1324]; 9 Cal. L. Rev. 119.) In consonance with this view, an employee of a partnership is an employee of each of the partners, and no individual partner may escape liability to such employee on the ground that only the partnership and not the individuals composing it can be held. It is immaterial whether the liability of the partners in this situation is joint and several, or joint, for even in the case of joint liability, a several judgment may be had against an individual partner by proper joinder and pleading. (See Palle v. Industrial Com., 79 Utah, 47 [7 Pac. (2d) 284, 81 A. L. R. 1222]; Merchants’ Nat. Bank v. Clark-Parker Co., 215 Cal. 296 [9 Pac. (2d) 826, 81 A. L. R. 778].) The result is that W. B. Mellott, a partner in the firm of Gordon & Mellott, was an employer of petitioner Reed, and was undoubtedly liable to Reed for workmen’s compensation. Since W. B. Mellott procured insurance with respondent company to cover such liability, and paid the required premium therefor, the company must perform its obligation by paying the award.
This conclusion is supported by two closely analogous decisions. In First Nat. T. & S. Bank v. Industrial Acc. Com., supra, Charles Hascall and S. W. Powell carried on a business as copartners under the firm name of “Hascall & Powell”, and procured workmen’s compensation insurance covering the employees of the business. Then Hascall bought Powell’s interest and continued to conduct the business under the same name. The insurance carrier resisted liability for a compensable injury on the ground that it had insured a particular entity, the partnership. Describing this point as “a most technical one”, we held that it was not a good defense for the reason, among others, that a partnership was not a legal entity (213 Cal. 331).
In Zimmerman v. Industrial Acc. Com., 119 Cal. App. 253 [6 Pac. (2d) 291], Sam Zimmerman carried a policy naming the insured as “Sam Zimmerman (an individual) doing business as Royal Paint and Wall Paper Company”. He took in one Stern as partner, and they continued to do business under the same name. A. compensable injury occurred, and the court followed our decision in First Nat. T. & S. Bank. v. Industrial Acc. Com., supra, holding the insurance company liable. The court pointed out that although *194 Stern, the new partner, was not covered by the policy, Zimmerman continued as an employer and “to the extent that ho may be required to respond in the matter of the payment of said award, is entitled to the full protection afforded by his policy”.
There are several minor factual differences between the instant ease and the cited cases, but as to the basic issue, whether change of a business from single individual to partnership, or partnership to individual, avoids liability of an insurance carrier to its named insured, they are squarely in point and are controlling.
The award is annulled and the proceeding remanded to the commission for an award in consonance with the. foregoing opinion.
Curtis, J., Shenk, J., and Seawell, J., concurred.
(Filed November 29, 1937.)