11 Cal.2d 689 (1938)
NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner,
v.
INDUSTRIAL ACCIDENT COMMISSION and J. J. PACKER, Respondents.
S. F. No. 15938. 
Supreme Court of California. In Bank. 
July 29, 1938.
 S. Norman Hays for Petitioner.
 Everett A. Corten for Respondents.
 WASTE, C.J.
 This is a petition to review an award of the Industrial Accident Commission.
 On May 25, 1936, L. E. Sherbert was operating a restaurant under the fictitious name of "Dixie Club Restaurant". J. J. Packer was employed as dishwasher. On that date a policy of workmen's compensation insurance was issued by petitioner, National Automobile Insurance Company, in the name of "L. E. Sherbert, an individual, doing business as Dixie Club Restaurant". On August 19, 1936, Sherbert took in Dixie Henry, his sister, as a partner, the business continuing in name as before. On August 23, 1936, Packer sustained a compensable injury. The commission made an award against petitioner as insurer of Sherbert, and against Dixie Henry, as an uninsured employer, in the total amount of $185.28.
 Petitioner attacks the award on the ground that the policy did not cover the liability in question. Reliance is placed on the following provision of the policy: "If this policy is issued to an individual, it shall cover only his liability as an individual employer and not any liability as a member of a copartnership or any other organization." Petitioner's theory is that it insured the liability of Sherbert, an individual; that the liability here involved is that of the partnership of Sherbert and Henry; that liability is imposed upon Sherbert because he is a "member of the copartnership" composed of the named persons, and hence that such liability is not covered by the policy.
 [1] We see no escape from the logic of petitioner's reasoning. It was found by the commission that the injuries were incurred while the employee was in the employ of the assured and his sister doing business under the above-mentioned fictitious name. This finding can only be construed as a finding of employment by the partnership made up of the named persons. There can be no doubt, therefore, that under the circumstances here present, liability fastened upon the assured solely because he was a "member of a copartnership" *691 that employed the injured person. But, as shown, the quoted provision of the policy clearly and concisely declares that it covers the liability of the assured only as an "individual employer" and does not cover "any liability as a member of a copartnership".
 [2] The fact that the assured's liability to employees of the copartnership was no greater than that which would have attached to him had he retained the status of "individual employer" contemplated by the policy, is of no moment in our determination of the coverage thereunder. [3] A contract of insurance, like any other contract, is to be construed so as to effectuate the intention of the parties. Of course, if any ambiguity exists in its terms it is to be interpreted against the insurer and in favor of the assured. But where, as here, the provisions of the policy are definite and certain there is no room for interpretation and the courts will not indulge in a forced construction in order to cast a liability upon the insurer which it has not assumed. (Maryland Cas. Co. v. Industrial Acc. Com., 209 Cal. 394, 397 [287 P. 468].)
 [4] In our opinion, it is obvious from the above-quoted provision of the policy that it was the intention of the insurer and the assured to limit the coverage of the policy to such liability only as was imposed upon the assured as an "individual employer" as distinguished from that which would arise by reason of being a "member of a copartnership". The right of an insurer to limit its contract of coverage may not be questioned. (Zurich Gen. Acc. Ins. Co. v. Stadelman, 208 Cal. 151 [280 P. 687]; Ocean Acc. etc. Co. v. Industrial Acc. Com., 208 Cal. 157 [280 P. 690].)
 The holdings in Reed v. Industrial Acc. Com., 10 Cal.2d 191 [73 PaCal.2d 1212, 114 A.L.R. 720], and Zimmerman v. Industrial Acc. Com., 119 Cal.App. 253 [6 PaCal.2d 291], present no obstacle to the conclusion here announced. Neither of the cited cases presented a policy provision identical with or equivalent to that above quoted. In effect, the cited cases merely hold that the provisions of the policies there involved failed to sufficiently or clearly indicate an intention to cover only the respective assured's liability as an "individual employer" to the exclusion of any liability imposed upon him by reason of being a "member of a copartnership". Such intention is clearly and *692 definitely evidenced in the policy now before us and "any liability as a member of a copartnership" is expressly excluded from coverage. We have no alternative, therefore, but to give effect to the plain meaning of the terms of the policy.
 In passing, it may be mentioned that upon the hearing before the commission, the petitioner tendered a return of the premium because of the lack of coverage under the policy resulting from creation of the partnership.
 The award is annulled in so far as it purports to dismiss L. E. Sherbert from liability and in so far as it purports to hold the petitioner liable as his insurance carrier, and the matter is remanded to the commission for further proceedings consistent with the views herein expressed.
 Shenk, J., Curtis, J., and Seawell, J., concurred.
 EDMONDS, J.,
 Concurring.
 I concur in the decision, but I believe that the court should expressly overrule the case of Reed v. Industrial Acc. Com., 10 Cal.2d 191 [73 PaCal.2d 1212, 114 A.L.R. 720], and disapprove the holding in Zimmerman v. Industrial Acc. Com., 119 Cal.App. 253 [6 PaCal.2d 291]. These cases reach a conclusion directly contrary to the position now taken by this court. Although the policy here considered limits the coverage to the liability of the insured as an "individual employer" to the exclusion of "any liability arising by being a member of a copartnership", the same restriction was at least impliedly made in the policies whose terms were construed in the two earlier cases.
 In the Zimmerman case, the insured was designated as an individual doing business under a fictitious name. He took in a partner and the court held the insurer liable for a compensable injury to an employee of the copartnership. The decision was based upon the conclusion reached in the case of First National Trust & Sav. Bank v. Industrial Acc. Com., 213 Cal. 322 [2 PaCal.2d 347, 78 A.L.R. 1324], although the facts in that case were entirely different. There the policy insured the liability of two individuals, doing business under a firm name and described in the declaration as a copartnership. One of the named insured dropped out of the business and the other continued it as before but without having the policy changed. The court held the insurance *693 carrier liable for a compensable injury to an employee which occurred after the retirement of the partner, stating as reasons therefor that the policy did not insure the partnership as an entity and also that in this state a copartnership is not usually considered a legal entity. The decision was also said to be compelled by the mandate of section 2557 of the Civil Code, as then in effect, which provided: "A transfer of interest by one of several partners, joint owners, or owners in common, who are jointly insured, to the others, does not avoid an insurance, even though it has been agreed that the insurance shall cease upon an alienation of the thing insured."
 The policy in this case included a schedule of questions asked of the insured, one of which was "Individual, copartnership, corporation or estate?" The answer to this question was "Copartnership". It is difficult to understand why such a policy should not have been held to be one which insured the liability of the copartnership. At the time this decision was rendered the Workmen's Compensation Act (Stats. 1917, chap. 586, sec. 7) required the term "employer", as used in it, to be construed as including every firm and voluntary association. Although for some purposes a copartnership may not be a legal entity, the Workmen's Compensation Act expressly recognized it as such and the insurance contract disclosed that the individuals named were carrying on their business as a copartnership. The right of an insurer to limit its contract of coverage cannot be questioned (Zurich Gen. Acc. Ins. Co. v. Stadelman, 208 Cal. 151 [280 P. 687]; Ocean Acc. etc. Co. v. Industrial Acc. Com., 208 Cal. 157 [280 P. 690]) and courts must uphold the agreement of the parties.
 The additional reason which the court gave for its decision is a doubtful one. The code section specifying that a transfer of interest by one of several co-owners does not avoid insurance might properly have been applied where there was "an alienation of the thing insured". But the policy of workmen's compensation insurance which the court was there considering covered the liability imposed by law upon an employer. Was the withdrawal of one member of a copartnership "an alienation of the thing insured" within the meaning of such a policy? *694
 Under the policy in the Reed case the liability of W. B. Mellott, designated as an "individual", was insured. Later Irwin G. Gordon became interested in the insured's business and it was thereafter conducted as "W. B. Mellott and Irwin G. Gordon, doing business as Gordon and Mellott". The insurance company, so far as the record shows, had no knowledge of Mr. Gordon's connection with the business but was held liable for a compensable injury to one who was employed by the copartnership of Gordon and Mellott. No distinction can properly be made between the liability of the insurer under that policy and the one issued to Mr. Sherbert in the present case.
 Houser, J., concurred.