[Civ. No. 10821. First Appellate District, Division Two.—August 25, 1938.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MADELINE GRIFFOUL, Respondents.

Carroll S. Bucher and B. E. Pemberton for Petitioner.

Everett A. Corten and Keith & Creede for Respondents.

STURTEVANT, J.—This is an application by the State Compensation Insurance Fund for a writ of review for the purpose of obtaining a judgment annulling an award made against it.

The employer, Emil Tabournel, for some years prior to 1936, owned and operated the Hotel Henry in San Francisco. In May, 1936, he determined to place an application for compensation insurance with the State Compensation Insurance Fund, and he was advised to go to the office of the latter and

inquire for Mr. Rizzo. Accordingly he went to said office at 450 McAllister Street, San Francisco, and made his application to Mr. Rizzo. The latter questioned him as to his business and the details concerning the insurance and had him fill out and sign an application for an insurance policy. Mr. Tabournel told Mr. Rizzo that he had six employees and that he wanted all of them covered. Later he left the office of the petitioner and a short time afterwards received a policy insuring him from June 3, 1936, until June 3, 1937. At once he proceeded to read the policy. One endorsement thereon was as follows:

"IMPORTANT CHANGE

· "(Relatives Not Covered)

"In accordance with the rule of the Insurance Commissioner NO RELATIVE is covered under this Policy UNLESS HIS OR HER NAME IS SPECIFICALLY MENTIONED IN THE POLICY SCHEDULE.

"Please examine the Policy and write us immediately if any relative not specifically mentioned by name in the schedule is to be covered. Be sure to give full names, a description of their duties and specify whether or not they will reside on property in your possession."

Another endorsement in so far as applicable was as follows:

"ENDORSEMENT AGREEMENT

"LIMITING AND RESTRICTING THIS INSURANCE.

*"Relatives Not Covered.*

"The insurance under this policy is limited as follows:

"It is agreed that, anything in this policy to the contrary notwithstanding, this policy DOES NOT EXTEND TO OR COVER INJURIES (or death resulting therefrom) sustained by any relative either by blood or marriage, (meaning husband, wife, . . . , nephew or niece) of the insured and/or his or her spouse, unless such relative is SPECIFICALLY MENTIONED BY NAME IN THE SCHEDULE AS COVERED BY THIS POLICY, or IN AN ENDORSEMENT ATTACHED TO THIS POLICY.

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, stipulations, conditions,

agreements or limitations of this policy other than as above stated.

"This endorsement, issued by the STATE COMPENSATION INSURANCE FUND, when countersigned by a duly authorized officer or representative of the FUND and attached to this Policy shall be valid and form part of the Policy."

Having read the above, Mr. Tabournel promptly returned to the petitioner's office and had another conversation with Mr. Rizzo. He pointed out to the latter the above passages. He also stated to Mr. Rizzo that at the Hotel Henry he employed Pierre Griffoul and Madeline Griffoul, husband and wife, as manager and maid respectively at said hotel. Madeline, he stated, was the niece of Mrs. Tabournel. Mr. Rizzo inquired if Mrs. Tabournel was one of the owners of the hotel. Mr. Tabournel stated that she was not, that he was the sole owner. Mr. Rizzo thereupon stated to Mr. Tabournel that he was fully covered, returned to the latter the insurance policy, and later Mr. Tabournel left the petitioner's office. There was evidence before the defendant commission that at said time Mr. Rizzo was an underwriter of the petitioner and had the authority to sign and issue policies and at times did sign and issue policies on behalf of the State Compensation Insurance Fund.

On June 3, 1937, the policy above mentioned, was renewed for the year ending June 3, 1938, by another instrument which, except as to dates and names, is an exact copy of the policy written June 3, 1936.

On September 2, 1937, in a labor dispute, a clerk at the Hotel Henry shot both Pierre Griffoul and Madeline Griffoul. Pierre died. Madeline recovered. A claim in behalf of Pierre was presented to the Industrial Accident Commission. An award was made in favor of the complainant. The petitioner, without objection, paid according to the terms of the award. A claim in behalf of Madeline was presented to the defendant commission. The petitioner contested the claim. All of the foregoing facts were developed on the hearing. Mr. Rizzo was present but was not called as a witness to dispute any of said facts. The defendant commission made an award in favor of the claimant and against the petitioner, "of the sum of $10.33 a week, beginning September 10, 1937 to and including January 5, 1938, and indefinitely thereafter,

until termination of disability or the further order of this commission, less, however, $35 payable to Keith and Creede, as their attorneys fee''. To annul that award the petitioner commenced this proceeding.

The petitioner claims the policy was not ambiguous, that a contract in writing can be modified by a contract in writing, or by an executed oral agreement; but not otherwise. It cites and relies on *State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 70 Cal. App. 650 [234 Pac. 116], and *Kugler* v. *Industrial Acc. Com.*, 63 Cal. App. 308 [218 Pac. 472]. The case first cited was not at all similar in its facts. No waiver or estoppel was claimed or passed on. The sole question was the proper construction of the written contract between the parties. In the second case a modification was claimed. However, the court was at pains to point out that there was no evidence that any representative having authority did anything whatever which would constitute a modification of the policy on which the claim was based. In the case before us the facts which we have recited above show that Mr. Rizzo was a general agent of the petitioner having authority to execute insurance policies and at times he signed and issued policies for the petitioner. We think it is clear, therefore, that the facts before the defendant commission warranted it in holding that the case falls within the rule stated and applied in *Golden Gate Motor T. Co.* v. *Great American Indem. Co.*, 6 Cal. (2d) 439 [58 Pac. (2d) 374], and cases there cited, and that the petitioner under the facts waived the restriction regarding claims by the niece of the wife of the employer.

The award is affirmed.

Nourse, P. J., and Spence, J., concurred.