[Civ. No. 10777.  First Appellate District, Division Two.—June 22, 1938.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, RICHARD F. LEE et al., Respondents.

S. Norman Hays for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

SPENCE, J.—Petitioner seeks the annulment of an award made by the respondent commission in favor of Richard F. Lee and against the petitioner.

The question of the propriety of the commission's action in reforming the policy of insurance issued by petitioner is the sole question presented. There is no material conflict in the evidence.

J. C. McMahon was the lessee of certain premises in El Cerrito upon which was operated a "night club" known as the Wagon Wheel. He operated the "club room" in the back portion of the building and he subleased to Charles Thomas the entire front portion, consisting of the bar and the dining room. The policy of insurance was issued to "J. C. McMahon and Charles Thomas, jointly and not severally, a copartnership, doing business as Wagon Wheel". The undisputed evidence shows that no partnership existed at any time and that Lee, the injured employee, was in the employ of Thomas. The commission made its order that the policy "be reformed to express the true intent of the parties and to cover J. C. McMahon and Charles Thomas as individuals".

Petitioner contends that the commission acted without and in excess of its powers as there was no evidence to sustain its order reforming said policy. Upon the record before us, we are of the opinion that this contention must be sustained.

It is conceded that the commission has jurisdiction to reform a policy of insurance upon a proper showing. (*Bankers Indem. Ins. Co.* v. *Industrial Acc. Com.*, 4 Cal. (2d) 89 [47 Pac. (2d) 719].) It is further conceded that in certain cases the courts of this state have declared against the "entity theory" with respect to partnerships. (*Reed* v. *Industrial Acc. Com.*, 10 Cal. (2d) 191 [73 Pac. (2d) 1212, 114 A. L. R. 720]; *First Nat. T. & S. Bank* v. *Industrial Acc. Com.*, 213 Cal. 322 [2 Pac. (2d) 347, 78 A. L. R. 1324]; *Zimmerman* v. *Industrial Acc. Com.*, 119 Cal. App. 253 [6 Pac. (2d) 291].) But we do not believe that the cited cases are controlling here.

No authority has been called to our attention dealing with a policy which insured two or more persons "jointly and not severally" as a copartnership. Such was the provision of the policy here. It appears probable that this pol-

icy was drafted in the light of the language of the opinion in *First Nat. T. & S. Bank* v. *Industrial Acc. Com., supra,* where the court said at page 332, "Had this insurance company desired to insure only this copartnership as an entity, it could have easily so designated in naming the employer." It is entirely clear that the policy under consideration purported to insure only against the liability of a copartnership as employer and that it did not insure against the liability of either of the named individuals as employer. Such being the case, there could be no justification for the award of the commission in favor of Lee, an employee of Thomas, under the policy as written and the award cannot be upheld unless there was evidence making out a proper case for reformation of the policy.

█ The record before us is utterly devoid of any evidence warranting reformation. Under section 3399 of the Civil Code, reformation can be had only "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, . . ." It is apparently conceded that the reformation was ordered upon the theory that through "mutual mistake", the policy as written did not "truly express the intention of the parties". But there is not a particle of evidence showing the intention of petitioner, or of any agent or employee of petitioner, other than the intention shown by the wording of the policy itself. The intention of petitioner, as clearly manifested by the policy, was an intention to insure only against the liability of a copartnership as employer and not against the liability of either of the named individuals as employer. As there never was any partnership in existence, it was undoubtedly the intention of McMahon and Thomas to obtain insurance which would insure against their liability as individual employers. But in the absence of any evidence of petitioner's intention, other than that shown by the policy, the only conclusion which can be reached is that the minds of the parties never met. There could not therefore be a reformation to "truly express the intention of the parties", for there was no evidence to show a common intent. █ A showing of a common intent is essential where it is sought to reform a contract on the ground of mutual mistake. (*Meyerstein* v. *Burke,* 193 Cal. 105 [222 Pac. 810]; *Ward* v.

228

*Yorba,* 123 Cal. 447 [56 Pac. 58]; *Bank of Fruitvale* v. *Fidelity etc. Co.,* 35 Cal. App. 666 [170 Pac. 852]; 53 Cor. Jur. 945, par. 60; Cooley's Briefs on Insurance, 2d ed., p. 1429.) The award is annulled.

Nourse, P. J., and Sturtevant, J., concurred.