[L. A. No. 16578.   In Bank.—July 29, 1938.]

NATIONAL AUTOMOBILE INSURANCE CO. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, FRANK PARLAS et al., Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

Morrison, Hohfeld, Foerster, Shuman & Clark, as *Amici Curiae,* on Behalf of Respondents.

WASTE, C. J.—This is a petition to review an award of the Industrial Accident Commission.

The employee, Lorne E. Lackey, was a taxi driver employed in San Bernardino. On September 18, 1936, he sustained a compensable injury and filed a claim with the respondent commission. After hearing, the commission found that his employers were Frank Parlas and Leslie Mohr, and that petitioner, National Automobile Insurance Company, was the insurance carrier. On rehearing, the commission found that the employers were "Frank Parlas, Leslie Mohr, The Airline Taxi Company, Merrill Parlas, Howard Crawthers, Donald Morris and George Riche". The employers were released and discharged from liability and an award was made against petitioner as their insurance carrier.

The principal issue is whether petitioner is the insurance carrier of the employer or employers of Lackey. Frank Parlas originally commenced the taxi business under the fictitious name of Air Line Taxi, and later he and his associates also used the name of Red Top Cab Company. Other parties were eventually brought into the organization. Their association was not under any formal articles of partnership, nor was there ever a fixed group of partners directing a specific business. The new parties owned or purchased interests in cars which were operated by drivers under the above-mentioned fictitious names. The particular cab driven

by Lackey, the injured employee, was owned jointly by Frank Parlas and Leslie Mohr, and the proceeds from its operation, after expenses were deducted, were divided between Parlas and Mohr. The other parties had no interest in this particular cab. Mohr also acted as general manager of the taxi business under Parlas. Lackey received instructions from Mohr, as well as from Parlas. His cab was marked with signs of "Air Line Taxi".

The insurance coverage was obtained through Walter W. Robinson, an authorized agent of petitioner. Only one application was made, in 1932; thereafter all policies were renewals obtained by the agent. Occasionally the agent inquired as to the persons composing the group doing business under the fictitious names and specified these as the assureds under the policy. In a policy prior to that in force at the time of the accident, the parties were named as "Frank Parlas and Merrill Parlas, doing business as the Red Top Cab Company, the Yellow Cab Company, and Air Line Taxi". On December 16, 1935, Frank Parlas told the agent that he had sold certain of the cars to others, and requested that the coverage be made to include them. The company then issued its endorsement in the names of "Merrill Parlas, Frank Parlas, Howard Crawthers, Donald Morris and George Riche, jointly and not severally, a copartnership doing business as Red Top Cab Co. and Airline Taxi Co.". This policy was renewed by one commencing May 14, 1936, with the same parties named. The agent testified that all his dealings were with Frank Parlas; that when he renewed the last policy he inquired as to any changes in the names, but that he had not specifically requested Parlas to let him know when changes occurred in the names of associates or car owners of the cabs.

We have discovered but one case dealing with a policy which insured two or more persons "jointly and not severally, a copartnership doing business as", etc. In such case the petitioner here was involved. (*National Automobile Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal. App. (2d) 225 [80 Pac. (2d) 1024].) The decision in the cited case was handed down by the District Court of Appeal of the First Appellate District, Division Two, on June 22, 1938, since the filing of the briefs in the present cause. It is held in the cited case, in substance, that a policy containing the

above-quoted words insured against the liability of the then existing copartnership as employer and clearly provided that it did not insure against the liability of the named individuals as employer. In announcing this result, the District Court of Appeal referred to the case of *First Nat. Bank* v. *Industrial Acc. Com.*, 213 Cal. 322 [2 Pac. (2d) 347, 78 A. L. R. 1324], wherein it was definitely indicated that by appropriate language a partnership entity may be covered and concluded that the policy appeared to be precisely the type of policy which the court there had in mind.

■ We are satisfied that the policy involved in the present case, insuring by its express terms "Merrill Parlas, Frank Parlas, Howard Crawthers, Donald Morris and George Riche, jointly and not severally, a copartnership doing business as Red Top Cab Co. and Airline Taxi Co.", covers such liability only as is imposed upon the named persons by reason of membership in the named copartnership and necessarily excludes from coverage any liability imposed on the named persons as individual employers or as members of a copartnership composed of persons other than those designated in the policy. As indicated at the beginning of this opinion, the cab driven by the injured employee was owned and operated jointly by Frank Parlas and Leslie Mohr, the latter not being designated in the policy as a member of the copartnership entity therein covered. ■ It follows that the policy issued by petitioner does not cover any liability of Frank Parlas by reason of his individual interest in or ownership of the cab driven by the injured employee, and any status as an individual employer resulting therefrom, nor does it cover any liability of said Parlas arising out of the joint venture or separate or subsidiary partnership arrangement under which he and Mohr, joint owners of the cab, operated the same. The cab was not operated by the partnership composed of the five persons named in the policy, but, instead, was owned and operated jointly by only one of such persons in conjunction with a person (Mohr) not therein designated.

■ The fact that from time to time changes in membership of the partnership entity intended to be covered were reflected in the policy, tends strongly to indicate that it was the intention of the parties that the coverage extended only to the entity made up of the parties so designated.

The right of an insurer to limit its contract of coverage may not be questioned. (*National Auto. Ins. Co. v. Industrial Acc. Com.*, S. F. 15938, (*ante*, p. 689 [81 Pac. (2d) 926]), this day filed; *Zurich Gen. Acc. Ins. Co. v. Stadelman*, 208 Cal. 151 [280 Pac. 687]; *Ocean Acc. etc. Co. v. Industrial Acc. Com.*, 208 Cal. 157 [280 Pac. 690].) Mohr not being designated in the policy as a member of the partnership entity covered thereby is not entitled to the protection of the policy, and Merrill Parlas, Howard Crawthers, Donald Morris and George Riche having no interest or ownership in the cab driven by the injured employee at the time of the accident, and not having employed him to operate the same, do not require the protection thereof. As already indicated, any liability imposed upon Frank Parlas by reason of his employment of the injured person in conjunction with Mohr under a joint venture or separate or subsidiary partnership arrangement between them is likewise excluded from the coverage of the policy which by its express terms covers only the partnership entity made up of the five persons named in the policy. (See *Hartigan v. Casualty Co. of America*, 227 N. Y. 175, 177–179 [124 N. E. 789].)

The award is annulled in so far as it purports to dismiss and release Frank Parlas and Leslie Mohr from liability and in so far as it purports to hold the petitioner liable as insurance carrier, and the matter is remanded to the commission for further proceedings consistent with the views herein expressed.

Edmonds, J., Shenk, J., and Seawell, J., concurred.

Houser, J., being disqualified, did not participate herein.

Rehearing denied.