[Civ. No. 10774.   First Appellate District, Division Two.—November 21, 1938.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, EDDIE S. HIGDON et al., Respondents.

S. Norman Hays for Petitioner.

E. A. Corten and Eldon B. Spofford for Respondents.

Morrison, Hohfeld, Foerster, Shuman & Clark, as *Amici Curiae,* on Behalf of Respondents.

SPENCE, J.—Petitioner seeks the annulment of an award made by the respondent commission in favor of Eddie S. Higdon and against the petitioner.

Higdon was originally employed as a "floor manager and bouncer" by H. E. Schmidt and Oscar Mester, as copartners doing business under the name of Bal Masque Ballroom in San Francisco. He left their employ, but returned later and was reemployed by Schmidt at the Bal Masque Ballroom after the dissolution of the copartnership. The business was then being conducted by Schmidt individually. Thereafter Higdon was injured while so employed by Schmidt.

During the existence of the copartnership, petitioner issued its policy of insurance to "Oscar Mester and H. E. Schmidt, jointly and not severally, a copartnership d. b. a. Bal Masque Ballroom". The commission found that "Eddie S. Higdon, applicant, while employed as a floor manager and bouncer on December 31, 1936, at San Francisco, by H. E. Schmidt, also known as Whitie Smith, and Oscar Mester, doing business under the firm name and style of Bal Masque, sustained injury . . . ". In denying a petition for rehearing, the commission stated in its order, "This commission is of the opinion that a transfer of partnership interests by defendant Mester to defendant Schmidt (*alias* Smith) prior to injury would not avoid a valid and existing compensation insurance policy issued to them jointly, as partners, and that the finding that the applicant was at the time of his injury in the employ of Schmidt and Mester, doing business under the firm name and style of Bal Masque Ballroom, if erroneous, is nevertheless not one which prejudices or gives cause for grievance to defendant carrier."

Petitioner contends that there was no evidence to sustain the finding of the commission to the effect that the copartnership was the employer at the time Higdon was injured. This contention must be sustained but we are still confronted with the question of whether that finding was a material finding under the circumstances before us.

Section 304 of the Insurance Code provides, "In the case of partners, joint owners, or owners in common, who are jointly insured, a transfer of interest by one to another thereof does not avoid insurance, even though it has been agreed that the insurance shall cease upon the alienation of the subject insured."

Said section is based upon the former section 2557 of the Civil Code. In *First Nat. Trust & Sav. Bank* v. *Industrial Acc. Com.*, 213 Cal. 322 [2 Pac. (2d) 347, 78 A. L. R. 1324],

the last-mentioned section was held to apply to all kinds of insurance and was there applied to a policy of workmen's compensation insurance. In the declarations of the policy in that case, the employer was named as "Charles Hascall and S. W. Powell, d. b. a. Hascall & Powell". It was also specified in said declarations that the assured was a "copartnership". The employee was injured after the transfer of Powell's interest to Hascall, but liability was nevertheless imposed upon the insurer. The insurer there claimed that the policy insured the copartnership as an entity and that the employee was not an employee of that entity at the time of receiving his injuries. On pages 331 and 332 the court discussed these questions and then stated, "In any event, we feel that section 2557 of the Civil Code applies." Under the reasoning and holding in that case, it appears that whenever two or more partners are jointly insured under a workman's compensation policy, the insurer is liable even though one of the partners may have transferred his interest to the remaining partner or partners before the employee sustained his injury. While that decision is based largely upon the provisions of said section 2557, the same result has been reached in the absence of any similar statutory provision. (*United States Fidelity & Guaranty Co.* v. *Booth,* 164 Tenn. 41 [45 S. W. (2d) 1075].)

Petitioner argues first, that the First National Bank case should be overruled and second, that said case is distinguishable. We pass the first argument with the comment that the decision in that case is binding upon this court. Turning to the second argument, we are of the view that there is no material difference in the facts of the two cases for the purpose of this discussion. Petitioner points to the fact that here the assured was named as "Oscar Mester and H. E. Schmidt, jointly and not severally, a copartnership d. b. a. Bal Masque Ballroom". Petitioner takes the position that said section 304 of the Insurance Code applies only where the partners are "jointly" insured and that here the partners were "jointly and not severally" insured. But we are of the opinion that the addition of the words "and not severally" after the word "jointly" did not affect the applicability of said section for the partners were nevertheless "jointly" insured.

Having concluded that said section 304 is applicable to workmen's compensation insurance and that the policy here insured the partners "jointly" within the meaning of that section, we come to the question of the nature of that section, whether mandatory or otherwise, and the effect of its application to a policy providing that the partners are insured "jointly and not severally". There appears to be no doubt that said section is mandatory in nature. When applied to workmen's compensation insurance under the rule established in *First Nat. Trust & Sav. Bank* v. *Industrial Acc. Com., supra,* it provides in substance that where partners are jointly insured, the transfer of interest by one named partner to another named partner shall not avoid the insurance even though the policy contains a provision to the contrary. The section is therefore equally as mandatory in nature as those sections of the Insurance Code which specify the provisions which a policy of insurance shall or shall not contain. This view finds support in the language used by Mr. Justice Edmonds in the concurring opinion in *National Automobile Ins. Co.* v. *Industrial Acc. Com.,* 11 Cal. (2d) 689 [81 Pac. (2d) 926], where he referred to the First National Bank case and said, "The decision was also said to be compelled by the mandate of section 2557 of the Civil Code, . . . " We are therefore of the opinion that any terms or provisions of the policy, inconsistent with said section, must fall. As was said in *Matter of Metropolitan Life Ins. Co.* v. *Conway,* 252 N. Y. 449, at page 452 [169 N. E. 642], "The statute reads itself into the contract and displaces inconsistent terms." (See, also, *Malmgren* v. *Southwestern Automobile Ins. Co.,* 201 Cal. 29 [255 Pac. 512].)

This brings us to the question of how far the terms of the policy are inconsistent with the provisions of said section 304 and are therefore displaced thereby. Petitioner states that "the intent of the parties as expressed in the policy is not to insure the liability of an individual partner at any time". This may be conceded for the purpose of this discussion, but the terms of the policy expressing that intention may not be given effect in so far as the result is to make said terms inconsistent with the mandatory provisions of said section 304. That is precisely what petitioner seeks to do as it seeks to give the words "and not severally" the same effect here as though said words had been omitted and a clause had been

inserted in the policy providing that the insurance should cease upon a transfer of interest by one named partner to the other named partner. Such a clause would have had no effect in view of the provisions of said section 304 and we are of the opinion that the language employed in the policy here may not be given that effect.

It being admitted by petitioner that the injured employee was employed by the remaining named partner in the conduct of the business originally conducted by the copartnership, we conclude that the insurer remained liable under the policy despite the transfer of interest by one named partner to the other. The finding that the injured employee was employed by the copartnership rather than by the remaining named partner at the time he was injured was therefore an immaterial finding under the circumstances.

The award is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939.