[L. A. No. 18078. In Bank. Feb. 16, 1942.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JOHN G. ELSTON et al., Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

SHENK, J.—This is a proceeding to review an award of the Industrial Accident Commission. John G. Elston, a worker, was injured while in the employ of Arthur S. Hubbs. The petitioner had issued a policy of workmen's compensation insurance to "Jesse Hubbs, Arthur S. Hubbs, and Herbert O. Hubbs, jointly and not severally, a co-partnership." The Industrial Accident Commission held the petitioner liable on the policy on the theory that the petitioner had waived or was estopped to invoke the clause, "and not severally" because of its conduct in past dealings and because of the knowledge of its agent, Kincaid, in regard to the method of operations of the assured.

The assured, Jesse Hubbs, Arthur S. Hubbs and Herbert Hubbs are brothers. Each owned trucks which were registered in his own name. Each contracted for jobs separately. Often a job would require more trucks than the particular brother possessed and he would then arrange to hire the trucks of the other brother or brothers. A stipulated rental would be paid for the hire of the other's trucks. Each however looked after the upkeep of his own trucks. The brothers paid their Social Security Tax from one payroll and also based the premium on the policy here involved on a single payroll.

The facts as to the method of operation were familiar to Mr. S. H. Kincaid, a general insurance agent who was authorized by the petitioner to write policies for the petitioner. The assured did not specify the particular type of policy in their

request to the agent but they relied upon Mr. Kincaid to give them the coverage which they needed.

The facts here presented are very similar to those involved in *Pacific Employers Ins. Co.* v. *Arenbrust,* 85 Cal. App. 263 [259 Pac. 121].) In that case it appeared that Arenbrust, Farahan and Loran each owned a truck. By agreement they made it a practice to help each other on jobs where more than one truck was required. They had common headquarters although each was in business for himself. These facts were made clear to an insurance agent who issued the policy for Pacific Employers Insurance Co., and made it a coverage for a co-partnership. The company denied liability when a worker in the individual employ of Loran was injured. The court stated, ''When an insured in good faith makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake, or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy. The acts of the agent, whether he is a general agent with power to issue policies, a soliciting agent or merely a medical examiner for the company, are in this respect the acts of the company, and he cannot be regarded as the agent of the insured, even though it is so stipulated in the application.''

The same rule should apply in the present case. Mr. Kincaid was the agent of the petitioner insurance company which issued the policy here involved. He questioned the assured as to their method of operations. They made no false representations to him. Therefore the petitioner should be estopped in this case to take advantage of the ''jointly but not severally,'' clause.

The facts in this case distinguish it from the case of *National Automobile Insurance Co.* v. *Industrial Acc. Com.,* 11 Cal. (2d) 694 [81 Pac. (2d) 928]. In that case there was a definite co-partnership, which owned certain equipment. One of the partners started a joint venture of the same nature with another party, not one of the partners. One of the employees of the venture was injured. The court held, correctly, that the employee of the separate venture was not covered by the partnership policy.

The injured man, Elston, was the husband of a niece of Arthur S. Hubbs. Specific classes of relatives were excluded from coverage under the policy. The policy expressly

excluded some relatives by marriage as, "son-in-law," "daughter-in-law," "mother-in-law," "father-in-law," "sister-in-law," "brother-in-law." The policy expressly mentioned nephews and nieces but no mention was made of nephews or nieces by marriage. Therefore it must be held that they were not excluded. Inasmuch as the policy expressly excluded certain designated relatives by marriage, and inasmuch as nephews or nieces by marriage were not so expressly excluded, it must be concluded that there was no intention to exclude them. It has also been held elsewhere that the word "nephews" should not be construed to include nephews by marriage. (*Boyd* v. *Perkins,* 130 Ky. 77 [113 S. W. 95, 96] ; *In re Lambertons' Estate,* 105 Pa. Super. 348 [161 Atl. 596] ; *In re Hunt's Estate,* 53 Hun. 466 [6 N. Y. Supp. 186] ; *Fedl* v. *Ryan,* 118 N. J. L. 516 [193 Atl. 801].)

The award is affirmed.

Gibson, C. J., Curtis, J., Carter, J., and Traynor, J., concurred.

Petitioner's application for a rehearing was denied March 16, 1942. Curtis, J., and Edmonds, J., voted for a rehearing.