[L. A. No. 26417. In Bank. Feb. 7, 1963.]

SOUTHWESTERN FUNDING CORPORATION, Plaintiff and Appellant, v. MOTORS INSURANCE CORPORATION et al., Defendants and Respondents.

92

Madden & McCarry and Thomas F. McCarry for Plaintiff and Appellant.

Getz, Aikens, Manning & Murphy, Thomas C. Murphy, Myers & Squires and Conrad L. Squires for Defendants and Respondents.

§

SCHAUER, J.—In this action determination is sought by plaintiff finance company of the liabilities of two insurance companies, each of which had issued a policy covering an automobile owned by one Valencia, with a "loss payable" clause in favor of plaintiff. The car was damaged in a collision in Mexico more than 50 miles from the boundary line of the United States. The trial court concluded that by reason of territorial provisions set forth in the respective contracts neither policy provided coverage to plaintiff, and entered judgment accordingly. We have concluded for reasons hereinafter expounded that the judgment should be reversed with respect to defendant Aetna Casualty and Surety Company, hereinafter called Aetna, but affirmed as to defendant Motors Insurance Corporation.

## AETNA POLICY

The case was presented to the trial court upon a series of stipulations which amounted to an agreed statement of facts. Therefrom it appears that Aetna issued its subject policy to Valencia as the "Named Insured" to cover a Mercury automobile for the period of one year, commencing March 13, 1959. Thereafter, by an "Endorsement effective 4-23-59," the policy was amended to provide coverage of a second car, described as a 1959 Chevrolet. The same endorsement contains a "loss payable" clause stating that "Any loss under Part III of the policy [Physical Damage including collision] is payable as interest may appear to the named Insured and" to plaintiff finance company. It was the Chevrolet which was damaged in Mexico, in the sum of $3,076.00—an amount smaller than plaintiff's interest in the car.

Also a part of the policy was an "Automobile Loss Payable Endorsement" which declares that Aetna "agrees," among other things, that "The insurance under this policy as to the interest *only of the Lien-Holder* [here, plaintiff] shall not be impaired in any way by . . . any breach of warranty or *condition* of the policy, or by any omission or neglect, or by the performance of any act in violation of any terms or *conditions* of the policy or because of the failure to perform any act required by the terms or *conditions* of the policy or because of the *subjection of the property to any conditions,* use or operation not permitted by the policy . . . , by the Insured or the Insured's employees, agents or representatives; whether occurring before or after the attachment of this

agreement, or whether before or after the loss; . . ." (Italics added.)

Under the heading of "Conditions," the policy sets forth 17 numbered paragraphs. The first of such paragraphs provides: "1. Policy Period, Territory—This policy applies only to accidents, occurrences and loss during the policy period while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof." For convenience, this paragraph will hereinafter be called the territorial clause.[1]

In reliance upon the territorial clause, Aetna contends that because the subject automobile was in Mexico when it was damaged, the Aetna policy provided no coverage to either Valencia or plaintiff. Plaintiff urges that the provisions of the Automobile Loss Payable Endorsement quoted hereinabove gave it coverage as lienholder despite the territorial clause set forth in the body of the policy; i.e., that the territorial clause constituted one of the "conditions" of the policy which the endorsement by its express terms made inapplicable to plaintiff.

The rule is, of course, that in construing insurance policies, any uncertainties, whether as to peril insured against, the amount of liability, or the person or persons insured, will be resolved against the insurer and in favor of imposing liability. (*Continental Cas. Co.* v. *Zurich Ins. Co.* (1961) 57 Cal.2d 27, 32 [1] [17 Cal.Rptr. 12, 366 P.2d 455], and cases there cited.) This rule operates in favor of the beneficiary of a "loss payable" clause. (*Welch* v. *British American etc. Co.* (1905) 148 Cal. 223, 226 [82 P. 964, 113 Am. St.Rep. 223, 7 Ann.Cas. 396].) Further, if there is a conflict in meaning between an endorsement and the body of the policy, the endorsement controls. (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 431 [5] [296 P.2d 801, 57 A.L.R.2d 914].)

Despite these rules, Aetna argues that the refer-

---

[1]Also attached to the policy was an endorsement entitled "MEXICAN COVERAGE," which reads, in pertinent part, "It is agreed that such insurance as is afforded by this policy shall cover *the Insured* for a period not exceeding ten (10) days at any one time while the automobile is used in the Republic of Mexico not exceeding fifty (50) miles from the boundary line of the United States. . . ." (Italics added.) This endorsement thus modifies the territorial clause by *extending* the coverage *as to the Insured,* to a limited extent. As already stated, however, the collision in which the subject car was damaged occurred in Mexico more than 50 miles from the United States boundary.

ence in the Automobile Loss Payable Endorsement to the "condition" or "conditions" of the policy is not relevant to the provisions set forth in the policy under the specific heading of "Conditions," including the territorial clause, but rather relates to "covenants" of some nature which could be subject to being breached or violated by the insured. This argument appears to do no more than suggest uncertainty in the policy as modified by its endorsements, whether or not such uncertainty would otherwise seem to exist. And under the rules just quoted, doubts as to coverage will be resolved against the insurer and in favor of imposing liability. Further, the subjection of the automobile to the "condition" of being damaged in a collision in Mexico would very readily appear to the reasonable mind reading the policy and the Automobile Loss Payable Endorsement, to be one of the specific situations against which such endorsement by its language extends insurance coverage to plaintiff lienholder. Aetna can, of course, find no comfort in the "Mexican Coverage" endorsement which, as commented in footnote 1, *ante,* serves to liberalize the coverage of the policy, rather than to limit it.

In view of this conclusion, no useful purpose would be served by discussion or analysis of cases cited by the parties which involve both circumstances and policy provisions differing from those now before us. (See, however, *Royal Ins. Co.* v. *Caledonian Ins. Co.* (1920) 182 Cal. 219, 228 [5, 6] [187 P. 748], in which a restrictive "Condition" of the policy was held not to apply under the provision of a reinsurance endorsement.)

### MOTORS INSURANCE CORPORATION POLICY

 As already related, this case was presented to the trial court upon a series of stipulations. Included was a stipulation "that the accident in question occurred in Mexico beyond the territorial limits provided in either policy," and that both policies contained "a Loss Payable Clause in favor of plaintiff." The policy issued by Motors Insurance was neither pleaded in full nor put in evidence, and the language of its loss payable clause is not in the record.

 "Ordinarily the burden is upon the insurer to prove a true excepted cause or excluded risk in order to defeat liability upon that ground." (*Zuckerman* v. *Underwriters at Lloyd's London* (1954) 42 Cal.2d 460, 472 [5] [267 P.2d

777].) ▮▮▮ However, it is our view that on the record before us—and we consider both its affirmative and its negative aspects; i.e., the stipulated facts and plaintiff's failure to show the language of the loss payable clause in its favor— we cannot hold that as a matter of law the evidence is not sufficient to support the trial court's findings and conclusions in favor of Motors Insurance. For all that appears, the policy provided merely that the loss would be payable to the lienholder as his interest might appear. The courts are practically unanimous in holding that such a clause gives the beneficiary thereof no greater right of recovery than that of the insured. (See *Welch* v. *British American etc. Co.* (1905), *supra*, 148 Cal. 223, 226; 29 Am.Jur., Insurance, § 729, pp. 986-987.)

The judgment is reversed with respect to Aetna with directions to the trial court to enter judgment in favor of plaintiff in the stipulated amount of $3,076 less the $100 deductible shown on the face of the policy, and is affirmed with respect to defendant Motors Insurance Corporation.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.