[Civ. No. 21233.   First Dist., Div. Two.   Mar. 16, 1964.]

UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Plaintiffs and Appellants, v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant and Respondent.

Gassett, Perry & Katzen, Bruno & Gassett and Simon J. Katzen for Plaintiffs and Appellants.

Bishop, Murray & Barry and Herbert Chamberlin for Defendant and Respondent.

AGEE, J.—Plaintiffs in this declaratory relief action appeal from a judgment of dismissal entered upon the sustaining of defendant's demurrer to the complaint without leave to amend.

The complaint alleges the following facts: that on April 4, 1957, appellant Shugg was driving a Buick automobile which collided with another automobile; that a personal injury action arising out of this collision was filed against Shugg, Davis Realty Co. and others; that appellant insurance company (United) had issued its automobile liability insurance policy to Shugg and said policy was in full force and effect at the time of the accident; that a copy of said policy is attached to the complaint and made a part thereof; that respondent insurance company (Fidelity) had issued its "Comprehensive General-Automobile Liability Policy" No. SPL 68612 and said policy was in full force and effect at the time of the accident; that a copy of this policy is also attached to the complaint and made a part thereof; that Shugg demanded that each of said insurance companies undertake to defend him in said personal injury action pursuant to the

provisions of the respective policies; that Fidelity refused to do so; that United undertook to and did defend Shugg in said action; that United settled the claims against Shugg for $35,000; that due to the dangerous potential of said case said settlement was reasonably dictated; that United expended the reasonable sum of $3,951.46 in its defense of said action on behalf of Shugg; that Fidelity has refused to contribute anything to said settlement or to said costs of defense.

Appellants, Shugg and United, pray for a declaration of their rights under the two policies and a money judgment against Fidelity for $17,500 as its pro rata share of the settlement plus one-half of $3,951.46 as its pro rata share of the costs of defense.

United's policy was issued to Shugg and his wife under their names alone and specifically describes the Buick automobile which Shugg was driving at the time of the accident. Shugg makes no claim that United has not fulfilled its obligations to him under its said policy.

Fidelity's policy does not describe any specific automobiles and its position is that its policy is limited to Davis Realty Co., Shugg's employer. Accordingly, it has defended said company throughout the litigation. After all other defendants in the personal injury action had settled out by way of covenants, plaintiffs therein proceded to trial against Davis Realty Co. alone. This resulted in a verdict in favor of Davis. The judgment entered thereon was reversed on appeal. (*Gipson* v. *Davis Realty Co.*, 215 Cal.App.2d 266 [29 Cal. Rptr. 359].) That action is still pending and Fidelity announces that it will continue to defend Davis as its insured. The crucial issue therein is whether Shugg was acting within the course and scope of his employment by Davis Realty Co. at the time and place of the accident in question.

The determinative issue in this action is whether Fidelity had any duty or obligation *to Shugg* as an insured under the terms of its policy.

### The Fidelity Policy

█ The first page lists the "Declarations."[1] "Item 1" declares that the "Named Insured" is "CHARLES RINGWALT, ESTHER R. SCHWARTZ, R. P. SCHUGG, HERMAN W. ROSS, HAR-

---

[1] Underlining indicates printed words as distinguished from those that are typewritten.

RY SEIDKIN DBA DAVIS REALTY."[2] The "Address" is stated as "5000 GEARY BLVD., SAN FRANCISCO, CALIFORNIA."

On the next line below are the words "The named insured is," followed by four square spaces. Each of these squares has a separate designation, to wit "Individual," "Partnership," "Corporation" and "Other (specify)," respectively.

The only square filled in is the one designated as "Partnership." This one has typed "X" in it.

"Item 1" concludes with "Business of the named insured is REAL ESTATE AGENTS."

We have concluded as a matter of law that the "*Named Insured*" under this policy is the partnership, Davis Realty Co. The question remains as to whether Shugg is nevertheless an "Insured" under said policy.

The "Insuring Agreements" are on page 2 of the policy. "I. Coverage A - Bodily Injury Liability" requires Fidelity "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of *bodily injury . . . sustained by any person. . . .*" This coverage had limits of $100,000 for injury to each person and $300,000 for each accident. The annual premium was $50.55.

Insuring Agreement II provides that "[w]ith respect to such insurance as is afforded by this policy, the company shall: (a) defend any suit against the insured alleging such injury . . . and seeking damages on account thereof. . . ."

Insuring Agreement III provides in part that "if the named insured is a partnership, the unqualified word 'insured' also includes any partner therein but only with respect to his liability *as such*, . . ." (Italics added). The plain meaning of this language precludes the appellants' contention that Shugg was covered as an individual.

Here the liability of Shugg was not the vicarious liability of a partner for the negligence of another person but instead was his own personal primary liability as the driver of the automobile involved in the collision.

An insurer may limit coverage to a partnership's lia-

---

[2]The policy was issued as of February 7, 1957, at which time Davis Realty Co. was a partnership. It was incorporated shortly before the date of the accident but the policy was not changed. Fidelity does not make any contention that the change in entities had any effect upon its liability under the policy.

bility and exclude individual partners and their activities. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, 11 Cal.2d 694, 697 [81 P.2d 928]; *United Pacific Ins. Co.* v. *Ohio Casualty Ins. Co.*, 172 F.2d 836, 843.)

By paragraph IV of the ''California Endorsement'' attached to the policy it is provided as follows:

### ''Partnership as Named Insured

''If a partnership is named in Item 1 of the Declarations, it is agreed that, As Respects Any Partner Not Named As An Individual In Item 1 Of The Declarations:

''1. The policy does *not* apply ... to any automobile owned by or registered in the name of any such partner;

''2. [omitted by us]

''3. (*Except* with respect to the ownership, maintenance, operation or use of automobiles) the policy does apply to such partners only while acting within the scope of their duties as such.'' (Italics ours.)

This paragraph is applicable to Shugg, insofar as his being a partner ''not named *as an individual* in Item 1 of the Declarations.'' (Italics added.)

However, subparagraph 1 makes it clear that the policy does not apply herein because the automobile he was driving was owned by and registered in the names of himself and his wife.[3]

Moreover, subparagraph 3 *excludes* the ''operation or use of automobiles'' from the coverage afforded to partners not named as individuals.

We conclude that Shugg, as an individual, was not covered under the terms and provisions of the Fidelity policy; that Fidelity was not a coinsurer with United; that Fidelity is not required to contribute to the settlement made on behalf of Shugg or for the costs incurred in the defense of Shugg in the Gipson action; and that the complaint cannot be amended under the facts of this controversy to state a cause of action against Fidelity.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 13, 1964.

---

[3]Appellants have asked us to take judicial notice of the record in the *Gipson* case.