[L. A. No. 28090. In Bank. Mar. 3, 1965.]

CALIFORNIA COMPENSATION AND FIRE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMIS- SION, JOY N. MELLO et al., Respondents.

Clopton & Penny, Mort L. Clopton and Patrick Kerrigan for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Levy, DeRoy, Geffner, Koszdin & Glow and George DeRoy for Respondents.

MOSK, J.—California Compensation and Fire Company (hereinafter referred to as the insurer) issued a workmen's compensation and employers' liability policy to "Richard Jones, Edward Mello and Wesley Johnson, jointly and not severally d.b.a. South Bay Insulation Company." Under a special endorsement the benefits of the policy were made applicable to Jones, Mello, and Johnson.

After the policy was issued, Joseph Ambriz, without the knowledge of the insurer, became a member of the partnership. A dispute regarding partnership affairs arose subsequently and Johnson shot and killed Jones and Mello in the partnership office. The Industrial Accident Commission found that Jones and Mello were working members of a partnership composed of Jones, Mello, Johnson, and Ambriz, doing business as South Bay Insulation Company, that Jones and Mello were receiving wages irrespective of a share of the profits, and that they were killed in the course of their employment. The insurer seeks an annulment of the decision awarding compensation to the dependent survivors of Jones and Mello, contending that the policy was by its terms limited to the liability of a partnership consisting of Jones, Mello, and Johnson "jointly and not severally" and that the commission improperly extended coverage to the liability of a different partnership, to which Ambriz had been added as a member.

Under the heading "Agreements Limiting and Restricting This Insurance," paragraph 4 of the policy provides: "The insurance under this Policy is limited as follows: Liability Not Insured: It is Agreed that, anything in this Policy to the contrary notwithstanding, this Policy Does Not Insure: Any liability which the named Employer may have arising out of operations conducted jointly by said named Employer with

any other person, firm or corporation, except as specifically set forth in Item (1) of the Declarations [the item designating the insured]. . . ."[1] It is argued that this provision bars recovery in the present case because liability arose out of operations assertedly conducted by the partnership jointly with Ambriz.

■ Under familiar rules of construction, any uncertainties in an insurance policy will be resolved in favor of imposing liability. This is particularly so in the case of exclusions, since the burden rests on the insurer to phrase exceptions and exclusions in clear and unmistakable language. (See, e.g., *Southwestern Funding Corp.* v. *Motors Ins. Corp.* (1963) 59 Cal.2d 91, 94 [28 Cal.Rptr. 161, 378 P.2d 361]; *Freedman* v. *Queen Ins. Co.* (1961) 56 Cal.2d 454, 456 [15 Cal.Rptr. 69, 364 P.2d 245]; *Jarrett* v. *Allstate Ins. Co.* (1962) 209 Cal.App.2d 804, 809-810 [26 Cal.Rptr. 231].) ■ Applying these rules of construction to paragraph 4, the language barring recovery for "liability which the named employer may have arising out of operations conducted jointly . . . with any other person" is at best ambiguous insofar as it relates to the situation before us. Although it conceivably could be interpreted to deny coverage in the event another partner is added, it is more appropriately construed to apply only when the partnership undertakes a project jointly with an individual or business entity outside the partnership. The reference to conducting "operations" suggests that the purpose of the exclusion was to eliminate liability for the conduct of projects in cooperation with others. To hold that the partnership is conducting "operations" with another where, after the addition of a partner, one of the original partners injures another of the original partners would constitute a tenuous construction of the language used. Moreover, if the insurer's interpretation of the meaning of paragraph 4 were accepted, the partnership would not have been insured for any activity undertaken after the addition of Ambriz as a partner, whereas the provision in question appears to be directed toward excluding liability for only a portion of the

---

[1]The insurer relies on a number of other provisions of the policy. One provides that the policy does not insure against liability incurred by the employer other than as a partnership, jointly and not severally, and another prohibits the assignment of the employer's interest in the policy to any other person or organization. These provisions are not directly related to the problem before us, since liability was imposed on the partnership as such and not on the members individually, and the commission did not find that an assignment had occurred.

insured's activities, namely, those arising out of operations conducted jointly with others.

The foregoing construction of the exclusion is indicated not only by the language of the provision itself, but also by the economic relationship of the insurer and this business enterprise. ▮ Forfeitures on technical grounds which bear no substantial relationship to an insurer's risk are disfavored (*Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 405 [154 P.2d 399]), and under the terms of the instant policy the addition of a partner involves a technical change in the employer's status unrelated to the risk of the insurer. The employer is required to report periodically to the insurer the total remuneration paid to all employees, including insured partners, and the amount of the premium is measured by the remuneration paid. Thus the risk of the insurer under the policy is commensurate with the premiums paid, and even if the addition of a partner results in increased activity by the partnership, the payment of additional salaries to new employees would be reflected in increased premiums. Supervisory employees may be changed by the partners without the knowledge or consent of the insurer, and there is no reason to assume that addition of a partner who has power to direct the work would result in more negligence in the conduct of the partnership's activities than, for example, the hiring of a new foreman.

It should also be noted that in a closely analogous situation involving a change in the personnel of a partnership, the Legislature has declared an insurer may not be absolved of liability. Section 304 of the Insurance Code provides that if one member of a partnership transfers his interest to another partner, insurance is not avoided even though the parties have contractually agreed otherwise. A clause in an insurance policy to the contrary is unenforceable. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.* (1938) 29 Cal.App.2d 336 [84 P.2d 201].) The rationale of this section is that, because the risk of the insurer is not increased, the entity contracting for insurance retains the same form, and the membership remains essentially the same, there can be no justification for avoiding insurance.[2] It would be anomalous to hold that an

[2]Section 304 of the Insurance Code was preceded by section 2557 of the Civil Code. For a discussion of its application, see *First Nat. T. & S. Bank* v. *Industrial Acc. Com.* (1931) 213 Cal. 322, 332, which held, at page 333 [2 P.2d 347, 78 A.L.R. 1324] that the ''section is unquestionably remedial, and for the benefit of the insured, and as such, should be liberally construed.''

insurance company may not avoid coverage under a workmen's compensation policy if one partner transfers his interest to another partner, but may be absolved of liability if the partnership adds a member. In neither circumstance has the insurer's risk expanded without a corresponding increase in the premiums, the form of organization and the membership of the partnership have remained substantially the same, in one instance decreasing and in the other increasing the number of partners, and under all circumstances the state has expressed with unmistakable emphasis its policy that insurance be carried. (See Lab. Code, §§ 3700, 3712.)

The policy limitation involved here has been approved by the Insurance Commissioner, as required by law (Ins. Code, § 11658; Cal. Admin. Code, tit. 10, § 2269.14), and it is argued that this indicates the limitation is valid. Administrative approval of the limitation cannot be considered in favor of the construction urged by the insurer, however, because, as we have seen, the exclusion does not appear to be directed toward the addition of a partner.

The insurer relies on a number of cases in support of its position. However, none of the cases involved either a policy limitation similar to the one discussed herein or the question of an insurer's liability after the admission of an additional member to an existing partnership.

In *National Auto. Ins. Co.* v. *Industrial Acc. Com.* (*Packer*) (1938) 11 Cal.2d 689 [81 P.2d 926],[3] the policy, issued to an individual, contained a provision that it did not cover the liability of the insured as a member of a partnership, and it was held there was no coverage for an injury sustained by an employee after the insured had formed a partnership. The court there held the terms of that policy were clear, that coverage was limited to individual as distinguished from partnership capacity, and that under such circumstances it was irrelevant that the liability of the insurer was not increased by the change in the status of the employer from an individual to a partner. However, where as here there is an ambiguity in the language of the exclusionary provision, it is clearly relevant that the interpretation suggested by the insurer bears no substantial relation to its liability risk under the policy.

Other cases relied upon by the insurer hold that if an employer is insured as a member of a partnership, an insurer is

---

[3]The titles of this and the three following cases include the name of the claimant involved because of the unusual circumstance that the normal citation titles of all four cases are otherwise identical.

not liable to him as an individual (*National Auto. Ins. Co.* v. *Industrial Acc. Com.* (*Lee*) (1938) 27 Cal.App.2d 225 [80 P.2d 1024]) and that the insurer cannot be held liable for the activities of a partner as a participant in a business venture separate from the one being carried on by the insured partnership (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, (*Parlas*) (1938) 11 Cal.2d 694 [81 P.2d 928]). Although the insurer derives some comfort from language employed in the last cited case, the conclusion was applicable to a situation distinguishable factually from the instant case. *National Auto. Ins. Co.* v. *Industrial Acc. Com.* (*Elston*) (1942) 19 Cal.2d 540 [122 P.2d 1], involved a policy issued to several employers "jointly and not severally" and discussed an estoppel problem inapposite here.

In short, we find no persuasive authority justifying a conclusion contrary to that reached by the Industrial Accident Commission.

The award is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would annul the award of the Industrial Accident Commission for the reasons expressed by Mr. Justice Files in the opinion prepared by him for the District Court of Appeal in *California Compensation & Fire Co.* v. *Industrial Acc. Com.* (Cal.App.) 39 Cal.Rptr. 661.

Petitioner's application for a rehearing was denied March 31, 1965. McComb, J., was of the opinion that the petition should be granted.