229 So.2d 314 (1969)
AMERICAS AVIATION & MARINE INSURANCE CO., a Florida Corporation, Appellant,
v.
BEVERLY BANK, a Foreign Corporation, Appellee.
Nos. 69-450, 69-473.
District Court of Appeal of Florida. Third District.
December 16, 1969.
*315 Batchelor, Brodnax, Guthrie & Kindred, Miami, for appellant.
Bernard B. Weksler, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant appeals from an adverse judgment rendered in a declaratory decree action on an insurance policy. From the record, it appears that in August of 1967 Aeroborne Enterprises, Inc. [not a party to this action] borrowed approximately $25,000.00 from the appellee bank to finance the purchase of a DC-3 airplane. The note was secured by a chattel mortgage on the aircraft and the mortgagor, pursuant to the terms of the mortgage, was required to secure insurance covering the chattel. This insurance was purchased from the appellant company. Contained in said policy were certain provisions relating to hull coverage and territorial limitations, as follows:
"VI. OCCURRENCES, POLICY PERIOD, TERRITORY, PURPOSE OF USE.
"This policy applies only to occurrences during the policy period while the aircraft is within the United States of America, (excluding Alaska and Hawaii), Canada or Mexico, or, while dismanteld, is being transported between ports therof, and is owned, maintained and used for the purposes stated as applicable thereto in the Declarations."
In addition to the general provisions of the policy, there was a specific endorsement extending the territorial coverage, which reads as follows:
"It is understood and agreed that the Territorial Provision of this policy is extended to `Western Hemisphere but North of the Equator but excluding Cuba'."
And, in accordance with the terms of the mortgage, the insured secured a general warranty endorsement, for which an extra premium was charged, which reads in part as follows:
"In consideration of an additional premium of $ Included it is agreed that loss, if any, under any Hull coverage provided by this policy shall be payable to the insured, and Beverly Bank, Chicago, Illinois Lien-Holder, as interest may appear.
"1. This policy, as to the interest therein of the Lien-Holder only, shall not be invalidated by any act or neglect of the insured or owner of the within described property or any act or omission on the part of said insured or owner which shall constitute a breach of warranty or policy condition; * * * [emphasis added]
* * * * * *
"3. Whenever the company shall pay the Lien-Holder any sum for loss or damage under this policy and shall claim that, as to the insured or owner, no liability therefor existed, the company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the Lien-Holder against the insured or owner and in and to all the property held as security for the indebtedness; or the company may, at its option, pay the said Lien-Holder the whole amount due or to become *316 due from the insured or owner, with interest, and shall thereupon be entitled to receive a full assignment and transfer of all the rights of the said Lien-Holder against the insured or owner and of all property held as security for the indebtedness."
* * * * * *
The aircraft was damaged in Argentina, which is south of the equator and beyond the terms of the territorial endorsement. Action was instituted under the general warranty endorsement or loss payee endorsement, the lienholder contending that the insurance company was liable to it even though the insured violated the terms of the policy and its endorsement. The parties were in dispute as to their construction of the policy; the trial court found the policy ambiguous and took evidence, and thereafter rendered a final judgment holding the insurance company liable to the lienholder under the general warranty endorsement. We affirm.
It is apparent from the excerpts set out above that the policy was ambiguous and, being such, it should be construed most strongly against the company that drafted it. Boston Insurance Company v. Smith, Fla.App. 1963, 149 So.2d 68; Peerless Insurance Company v. Sun Line Helicopters, Inc., Fla.App. 1965, 180 So.2d 364; Financial Fire & Casualty Company v. Callaham, Fla.App. 1967, 199 So.2d 529. Also see the following in connection with liability on a loss payable endorsement: Southwestern Funding Corporation v. Motors Insurance Corporation, 59 Cal.2d 91, 28 Cal. Rptr. 161, 378 P.2d 361; 43 Am.Jur.2d, Insurance, § 768; Vol. 5, Insurance Law and Practice, Appleman, § 3401, p. 557; Vol. 11, Couch on Insurance 2d, § 42:705. There being substantial competent evidence to support the interpretation given the policy by the trial court, we should not disturb the final judgment here under review. Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690; Miami Beach First National Bank v. Shalleck, Fla.App. 1966, 182 So.2d 649; Goldstein v. Pettinger, Fla.App. 1966, 183 So.2d 740.
Our attention has been called to two cases [involving automobiles], one arising in Texas [United States Trust & Guaranty Company v. West Texas State Bank of Snyder Texas, Civ.App.Tex. 1954, 272 S.W.2d 627] and the other arising in California, wherein the California court reached a conclusion contrary to the Texas court on a similar set of circumstances [Southwestern Funding Corporation v. Motors Insurance Corporation, supra]. We are of the opinion that the better reasoning is by the California court and it is most persuasive and analogous to the situation at bar.
The appellant has also sought review of an order for attorneys' fees, but in light of our sustaining the final judgment here under review we find no merit in this appeal.
Therefore, for the reasons above stated, the final judgment here under review is hereby affirmed.
Affirmed.