Opinion
ASHBY, J.
This is an action to recover amounts alleged due on fire insurance policies issued by defendants insurance companies. After a court trial based on stipulated facts, the trial court entered judgment in favor of defendants.
Prior to December 23, 1970, defendants Transamerica Insurance Company, Union Insurance Society of Canton, and South Carolina Insurance Company issued fire insurance policies to Julius and Molly Fligelman covering certain premises on Huntington Drive in Los Angeles, as to which the Fligelmans owned an undivided one-half interest. The Fligelmans had paid premiums for the period October 1, 1970, to October 1, 1971.
The Fligelmans transferred their interest in the Huntington Drive property to plaintiff University of Judaism by grant deed dated December 23, 1970. On December 28, 1970, the Fligelmans transferred and assigned the insurance policies, with respect to their interest in the Huntington Drive property,[1] to plaintiff.
The premises were destroyed by fire on February 1, 1971. Both before and after the transfer of the property and until its destruction by fire, the premises were leased to F. S. Rasco & Company, and the ongoing activity on the property remained the same. The fire was started as a result of widespread civil disorder on the east side of Los Angeles on February 1, 1971.
On February 2, 1971, Transamerica notified the Fligelmans’ insurance agent that Transamerica was going to cancel the policy as of February 9, *940 1971, and requested that the original policy be returned. The policy was not returned and on February 11, 1971, Transamerica gave direct notice of cancellation to all of the named insureds, to be effective March 15, 1971, to allow 30 days’ notice for the named insureds and mortgagees to protect their individual interests.
By letter dated February 12, 1971, defendants were notified that a loss had occurred, that the property had been transferred and that the policies had been assigned to plaintiff. The face page of the policies contains the following provision required by Insurance Code section 2071: “Assignment of this policy shall not be valid except with the written consent of this company.” Effective February 12, 1971, Transamerica endorsed its policy to change the name of the insured to read the plaintiff.
Only defendant Transamerica actually endorsed its policy to reflect the change. However, each of the defendants, had they been notified of the transfer prior to loss and without delay, would have consented to the change.[2]
Defendants have retained the premiums on the policies for the period up to March 15, 1971, the effective date of cancellation according to the direct notice of cancellation.[3]
Discussion
Relying on the assignment clause of the standard policy, defendants contend plaintiff had no valid interest in the policies because defendants did not consent to the assignment prior to loss. The trial court reluctantly agreed that the assignment clause required such an interpretation and therefore entered judgment for defendants. We hold that the trial court erred and that plaintiff is entitled to judgment.
In interpreting insurance contracts we must give effect to the intentions of the parties and the reasonable expectations of the ordinary insured that the policy will be construed to fairly achieve its object of *941 securing indemnity to the insured for the losses to which the insurance relates. (Holz Rubber Co., Inc. v. American Star Ins. Co., 14 Cal.3d 45, 56-57 [120 Cal.Rptr. 415, 533 P.2d 1055]; Crane v. State Farm Fire & Cas. Co., 5 Cal.3d 112, 115 [95 Cal.Rptr. 513, 485 P.2d 1129]; Maxon v. Security Ins. Co., 214 Cal.App.2d 603, 611 [29 Cal.Rptr. 586].) The provision in question is contained in the standard form policy required by Insurance Code section 2071, and therefore we do not rely on the particular rule that any ambiguities in language are to be construed against the insurer as drafter. (Ohran v. National Automobile Ins. Co., 82 Cal.App.2d 636, 648 [187 P.2d 66]; Ichthys, Inc. v. Guarantee Ins. Co., 249 Cal.App.2d 555, 558 [57 Cal.Rptr. 734]; Safeco Ins. Co. v. Houchins, 12 Cal.App.3d 12, 16 [90 Cal.Rptr. 414].) However, other rules of construction of insurance contracts are equally applicable to the standard form, including the principle that where one construction of a contract would make it unreasonable .or unfair and another construction equally consistent with the language would make it reasonable, fair, and just, the latter construction must be adopted. (Ohran v. National Automobile Ins. Co., supra, Ruffino v. Queen Ins. Co., 138 Cal.App. 528, 537-538 [33 P.2d 26, 883].) Forfeitures on technical grounds which bear no substantial relationship to the insurer’s risk are disfavored. (Cal. Comp. & Fire Co. v. Ind. Acc. Com., 62 Cal.2d 532, 535 [42 Cal.Rptr. 845, 399 P.2d 381].) In this case defendants seek an unreasonable construction of the provision which would result in a forfeiture on technical grounds.
Defendants concede that the fire occurred at a time when the policies were paid up and in force. In fact, defendants, with knowledge of the loss, retained the premiums on the policies through March 15, 1971. Yet defendants claim that plaintiff had no valid interest in the policy at the time of the fire because of the provision that “[assignment of this policy shall not be valid except with the written consent of this company.” There is no merit to this contention.
The purpose of this provision is apparent. It is “to prevent an increase of risk and hazard of loss by a change of ownership without the knowledge of the insurer.” (16 Couch on Insurance (2d ed. 1966) § 63.31, p. 677; fn. omitted.) As stated in Bergson v. Builders’ Ins. Co., 38 Cal. 541, 545, “The insurer has a right to know, and an interest in knowing, for whom he stands as insurer. He may be willing to insure one person and unwilling to insure another, while the owner of a particular parcel of property. He may have confidence in the honesty and prudence of the one in protecting the property and thereby lessening the risk, and may have no confidence in the other.”
*942 In this case, had notice been promptly given prior to the loss, defendants would have routinely approved the assignment of the policy to plaintiff. There was no change in the nature of the activity carried on at the premises. There is no evidence that the change of ownership in any way increased the risk to defendants. Since the change of ownership did not increase the risk to defendants, and they would have routinely approved the assignment, they cannot claim they suffered any prejudice from the late notice. (See Sly v. American Indemnity Co., 127 Cal.App. 202, 208 [15 P.2d 522].)
In effect defendants are asserting that even though they would have approved the assignment as a matter of course, they should have the arbitrary right to disapprove it when the only apparent reason for doing so is that an intervening loss has occurred. The arbitrary refusal of consent in such circumstances would be inconsistent with the insurer’s duty of good faith. (See Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 573, 575 [108 Cal.Rptr. 480, 510 P.2d 1032].)
The language of the provision is consistent with plaintiff’s theory that defendants should be deemed to have consented to the assignment, and that such consent relates back to the time of the assignment. Unlike prior versions of the standard form, which stated that “. . . this entire policy shall be void ... if this policy be assigned before a loss,”[4] the present provision merely states that assignment shall not be valid “except with” the written consent of the company. To avoid a forfeiture, plaintiff may, in lieu of express approval, show that the assignment would have been routinely approved.
Defendants rely on certain dicta in Greco v. Oregon Mut. Fire Ins. Co., 191 Cal.App.2d 674, 682 [12 Cal.Rptr. 802], and Bergson v. Builders’ Ins. Co., supra, 38 Cal. 541, 543, but neither of these cases supports defendants. In Greco, the holding of the court was that the loss occurred while the original insured was still owner of the property and policy, and that he had the right to assign the proceeds of insurance, after loss, without the consent of the insurer. Similarly in Bergson, there was no change in ownership of the property; the insured assigned only his interest in the insurance policy. The court held that in such circumstances it makes no difference to the insurer to whom it pays the proceeds in case of a loss. Finally, Shuggart v. Lycoming Fire Ins. Co., 55 *943 Cal. 408, cited by defendants, was decided prior to the enactment of the standard form. The opinion does not discuss whether the insurer would have routinely given consent if notified before loss, nor whether the insurer could arbitrarily withhold subsequent consent.
The judgment is reversed. The trial court is directed to enter judgment for plaintiff.
Kaus, P. J., and Stephens, J., concurred.
Respondents’ petitions for a hearing by the Supreme Court were denied November 12, 1976. Richardson, J., was of the opinion that the petitions should be granted.

 The policies also covered certain other property of the Fligelmans in Utah and Oregon which is not involved here.

 Technically, defendants would have written a new policy naming plaintiff in place of the Fligelmans. Actual assignment of the existing policy was inappropriate since it gave blanket coverage to the Fligelmans involving other properties.

 The owner of the other half interest in the property and the holders of mortgage interests were paid full compensation for their insurable losses under the policies.

 Statutes 1909, chapter 267, section 1, page 406; Statutes 1935, chapter 145, section 1, pages 597-598.