992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VOLKSWAGEN OF AMERICA, et al., Plaintiffs,
and
Gregg B. HARMON, Plaintiff-Appellant,
v.
HARTFORD CASUALTY INSURANCE CO., Defendant-Appellee.
 No. 91-16671.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1993.
Decided April 30, 1993.
 
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harmon appeals the district court's grant of summary judgment in favor of the Hartford Casualty Insurance Co. ("Hartford"). Appellant claims that Hartford had a duty to provide coverage under a Comprehensive General Liability policy issued to the Rogers Construction Co. ("the partnership"). We affirm.
 
 Background
 
 3
 While on partnership business, a truck owned by Dexter Rogers collided with appellant's automobile. Appellant suffered serious injuries which resulted in the amputation of one of his legs. Hartford denied coverage for this accident on the ground that its policy provided coverage only for nonowned autos and for hired autos, and that the truck in question was owned by one of the partners.[1]
 
 
 4
 Appellant reached a settlement with Dexter Rogers and Pamela Lourence, who had driven the truck. In return for a covenant not to execute upon judgment, Rogers and Lourence assigned to appellant their rights under the Hartford policy. After an uncontested trial, appellant was allowed to enter a judgment against Rogers and Lourence for the sum of $1,408,607.74.
 
 
 5
 The district court found that Hartford's denial of coverage was appropriate and granted its motion for summary judgment.
 
 Discussion
 
 6
 The partnership's insurance policy contains a schedule of coverages and covered autos:
 
 
 7
 This policy provides only those coverages for which a charge is shown in the premium column below. Each of these coverages will apply only to the autos shown as covered autos. Autos are shown as covered autos for a particular coverage by the entry in the covered auto column below, next to the name of the coverage, of one or more of the symbols from Item Three.
 
 
 8
 Item Two, Form C-2014-OT. The entries in the covered auto column--symbols 8 and 9--indicate that the policy provided auto coverage for "hired autos only" and "nonowned autos only." Item Three, Form C-2015. "Nonowned autos only" coverage is defined in Form C-2015: "Only those autos you do not own, lease, hire, or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs" (emphasis in original).
 
 
 9
 Appellant persuasively argues that the "you" referred to in Form C-2015 is limited to the Rogers Partnership.[2] Appellant then contends that Form C-2015-O's specification that nonowned auto coverage "includes autos owned by your employees" is illustrative but not exclusive as to which autos are insured, and that coverage can be read to extend to other autos, including partner-owned vehicles. Appellant maintains that summary judgment was therefore improper, because there remains a disputed issue of fact whether the truck involved in the accident was owned by Dexter Rogers personally or by the partnership.
 
 
 10
 We find, however, that Form C-3023-O, an endorsement to the policy, specifically excludes partner-owned autos from coverage. This endorsement states: "If you are a partnership, no auto owned by any of your partners or members of their households is a covered auto for the LIABILITY INSURANCE unless the policy is endorsed to cover that auto as a covered auto and the proper premium is charged." Form C-3023-0 (emphasis in original). The factual dispute concerning ownership of the truck is therefore irrelevant. The truck is excluded from coverage under the policy either as an auto owned by the partnership, under Form C-2015, or as an auto owned by one of the partners, under Form C-3023-0.
 
 
 11
 Appellant seeks to cloud the clear meaning of this policy by introducing an issue of ambiguity where none exists. Appellant argues that the "partner-owned auto" clause in Form C-3023-0, which excludes partner-owned vehicles from coverage, conflicts with the "nonowned auto" provision of Form C-3023-0, which extends coverage to all autos not owned by the partnership. Appellant also claims that the nonowned auto provision may qualify as an endorsement within the meaning of Form C-3023-0, thereby extending policy coverage to partner-owned vehicles.
 
 
 12
 Although an ambiguous policy must be read to favor coverage, appellant's argument fails on two distinct grounds.
 
 
 13
 First, appellant's construction of the nonowned auto provision as extending coverage beyond employee-owned autos runs counter to the plain meaning of the policy when read as a whole. In the Schedule for Non-Ownership Liability, the "rating basis" for nonowned auto coverage is the number of employees and the premium is based on an estimate of 10 employees. Item Six, Form C-2016-OT. To find that this coverage was meant to extend beyond employees to other persons, including the partners, would require a strained interpretation of the policy. Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807 (1982) ("Courts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists."). For the same reason, it would be illogical to find that Form C-2015 constitutes an endorsement, within the meaning of Form C-3023-0, designed to extend coverage to partner-owned autos.
 
 
 14
 Second, Form C-3023-0, which excludes partner-owned autos from coverage, states clearly at the heading of the page: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." If there is a conflict in meaning between this endorsement and the body of the policy with regard to coverage of partner-owned vehicles, the endorsement controls. See Certain Underwriters at Lloyds of London, England v. Engs Motor Truck Co., 135 Cal.App.3d 831, 835 (1982) ("If there is a conflict in meaning between an indorsement and the body of the policy, the indorsement controls.").
 
 
 15
 The district court's grant of summary judgment in favor of Hartford is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The partnership had a separate commercial policy issued by Cal-Farm Insurance Co., which listed Dexter Rogers' truck as a covered auto and which provided coverage for business and personal use. Cal-Farm ultimately paid appellant $100,000, its policy limit
 
 
 [2]
 The declaration of the named insureds lists Dexter and Walter Rogers as individuals and as "dba: Roger's [sic] Construction Company." Form G-2240-3. However, an endorsement to the policy specifies that coverage exists if a named insured is designated as an individual "but only with respect to the conduct of a business of which he is the sole proprietor." Form L-4379-OT. Dexter Rogers was not a sole proprietor, and, in a case involving a similar fact situation, a California court held that only the partnership was a named insured. Milazo v. Gulf Ins. Co., 224 Cal.App.3d 1528, 1535-36 (1990)