124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hiroshi KITAMURA, an individual, Plaintiff-Appellee,
v.
REPUBLIC INSURANCE COMPANY, a corporation, Defendant-Appellant.
 No. 96-55608.
 United States Court of Appeals, Ninth Circuit.
 Submittted Sept. 11, 1997.**
Filed Sept. 26, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-02672-JSL; J. Spencer Letts, Chief Judge, Presiding.
 
 
 2
 Before: PREGERSON and HAWKINS, Circuit Judges, and WEINER,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Republic Insurance Company ("Republic") appeals the district court's grant of summary judgment for the insured, Hiroshi Kitamura, in this dispute regarding the interpretation under California law of a homeowner's insurance policy and endorsement. We reverse and remand with instructions to enter summary judgment for Republic.
 
 
 5
 The homeowner's policy and endorsement form the insurance contract and must be construed together. Narver v. California State Life Ins. Co., 211 Cal. 176, 181, 294 P. 393, 395 (1930). Other terms in the policy remain unchanged by the endorsement unless specifically addressed in the endorsement. Certain Underwriters v. Engs Motor Truck Co., 135 Cal.App.3d 831, 835, 185 Cal.Rptr. 613, 614 (1982).
 
 
 6
 The "Homeowner's Enhancement Plus" endorsement does not address and therefore does not change the policy's limit on the amount of liability for personal property located at a residence of the insured other than the residence designated in the policy. The policy limits Republic's liability for off-premises personal property loss to ten percent of the overall Coverage C limit for personal property. The endorsement purports to change the overall Coverage C limit but does not alter the ten percent limit on liability for off-premises personal property loss.
 
 
 7
 Kitamura argues that the parties intended the endorsement to change the ten percent limit in the policy because the endorsement did not, in fact, raise the Coverage C limit on loss of personal property located on the designated premises. Thus, Kitamura argues, he would receive nothing for his additional premium.
 
 
 8
 Kitamura's argument fails to incorporate every provision of the contract. First, the endorsement clearly provides that the increased Coverage C limit may have no effect if the original Coverage C limit in the policy is already higher. Second, the endorsement includes additional benefits such as replacement cost, higher coverage limits on specific property, and fire service charges.
 
 
 9
 The district court erred in finding that the endorsement changed the ten percent limit of liability contained in the main policy for off-premises personal property loss.
 
 
 10
 REVERSED and REMANDED with instructions to enter summary judgment for Republic.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3